50247, 50248. POPE v. THE STATE (two cases).

CLARK, Judge.
Via certificate of immediate review, defendants appeal from the denial of their motions to suppress. The motions were aimed at suppressing evidence which had been seized in a gambling raid upon defendants' premises. In addition to gambling paraphernalia which had been described in the search warrant, the executing officers seized less than an ounce of marijuana.

1. Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571) states, in part: "The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and *the burden of proving that the search and seizure were lawful shall be on the State."* (Emphasis supplied.)

Defendants contend that upon the motion to suppress hearing, the trial court erroneously placed the burden of proof upon defendants in violation of Code Ann. § 27-313 (b).

In William H. Agnor's coverage of the subject of "Evidence" in Volume 11 of the Encyclopedia of Georgia Law, the perspicacious Professor[1] presents a perceptive profile of the problem presented by the phrase "burden of proof." This is accomplished in the concise caption of "Burden of Persuasion and Burden of Producing Evidence." From his article we quote: "The phrase 'burden of proof' is ambiguous; it is used indiscriminately

---

[1]His Emory students fondly refer to him by the inappropriate nick-name of "Bull."

to refer either to the burden of persuasion or to the burden of producing evidence." 11 EGL 376, Evidence, § 133. "Statutory and judicial considerations of the burdens usually assume a definition of the terms without stating it. Each burden is referred to in regard to the particular problem involved. The burden of persuasion is fixed once and does not shift. The burden of producing evidence, or of making and meeting a prima facie case, may shift several times during a trial." 11 EGL 376, Evidence, § 134.

We think it is clear that the burden of proof referred to in Code Ann. § 27-313 (b) is a burden of persuasion. As such, it does not shift during the course of the motion hearing, even though the burden of producing evidence may shift back and forth. Accordingly, the mere fact that defendants assumed the burden of producing evidence at the outset of the hearing does not mean that the trial court shifted the burden of persuasion to defendants. The transcript is devoid of any evidence which would indicate that defendants were saddled with the "burden of proof" in violation of Code Ann. § 27-313(b).

2. It is erroneously asserted that the trial court erred in failing to grant the motion to suppress with regard to the marijuana which had been seized since this evidence had not been described in the search warrant. The evidence adduced upon the hearing discloses that this contraband was discovered in a chest in which gambling paraphernalia could have been hidden. "A peace officer effecting a lawful search may seize contraband not described in the warrant, the possession of which is tangible evidence of the commission of a crime against the State." *Hutto v. State,* 116 Ga. App. 140 (4) (156 SE2d 498); *Dugan v. State,* 130 Ga. App. 527, 531 (2) (203 SE2d 722); Code Ann. § 27-303 (e).

3. We have given full consideration to the remaining ground on which reversal is sought. We recognize the ingenuity with which appellants have attacked the validity of the affidavit as well as the extensive argument devoted to this contention. Nevertheless our conclusion is that it is lacking in merit and that the affiant did not commit perjury. Accordingly, we sustain the trial court.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED MARCH 14, 1975 —
REHEARING DENIED APRIL 4, 1975.

*Jean Wm. Levy,* for appellants.
*John R. Thompson, Solicitor, J. Michael Florence,
Assistant Solicitor,* for appellee.