## 66137. SLAUGHTER v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of possession of cocaine and possession of less than an ounce of marijuana. Cocaine was found on appellant's person when he was arrested. Subsequently, the arresting officer obtained a warrant to search appellant's automobile, where he found a pistol, six microcassette tapes, a Certificate of Deposit in the amount of $175,000, some private papers, and two marijuana cigarettes.

Appellant appeals his conviction, in relevant part, on the ground that the trial court erred in denying his motion to suppress the evidence found in his automobile because the magistrate who authorized the search warrant may have been influenced by an unrelated civil action in which he represented appellant's adversary.

OCGA § 17-5-30 (Code Ann. § 27-313) provides, in part, that "[t]he motion [to suppress] shall be in writing and state facts showing that the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion; *and the burden of proving that the search and seizure were lawful shall be on the state.*" (Emphasis supplied.)

In the instant case, appellant set out facts that, if proven, could have resulted in a granting of his motion to suppress. However, the trial court summarily denied appellant's motion without receiving any evidence from the state concerning the magistrate's impartiality. The only evidence submitted by the state was copies of the affidavit and warrant that were ruled facially valid. That evidence failed to specifically address the issue at hand, namely that of the magistrate's alleged prejudice. Therefore, the state has failed to carry its statutory burden of proof.

OCGA § 17-5-30 (Code Ann. § 27-313) requires the defendant only to "state facts" showing that the warrant was unlawful. It does not require that those facts be proven or substantiated *before* the state satisfies its burden of proof. The possibility that the defendant may not have competent evidence to support his allegation is

irrelevant until the state has entered evidence that specifically rebuts the defendant's charge.

We hold, therefore, that the state failed to carry its burden of proof and that the trial court erred in denying appellant's motion to suppress. It follows that the evidence seized in the search of appellant's car was inadmissible and that appellant's conviction must be reversed and this case remanded for a new hearing on the motion to suppress and for a new trial.

Our ruling on the motion to suppress involves only the evidence discovered pursuant to the search warrant and not that found beforehand as a result of the lawful arrest of appellant. Since the other errors alleged to have occurred may not occur in the event of a retrial, we need not consider them at this time.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 21, 1983 — 

*Richard C. Hagler, Herbert Shafer,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.