## 40414. THE STATE v. SLAUGHTER.

HILL, Chief Justice.

After his motion to suppress was denied, Robert Earl Slaughter was tried by a jury and convicted of possession of cocaine and possession of less than an ounce of marijuana. On appeal, the Court of Appeals reversed the trial court's order denying Slaughter's motion to suppress, and remanded for a new hearing on the motion to suppress and for a new trial. *Slaughter v. State,* 168 Ga. App. 58 (308 SE2d 6) (1983). We granted certiorari.

After observing Slaughter smoking marijuana in the parking lot of a nightclub and arresting him, the police found cocaine in Slaughter's possession. The arresting officer then obtained a search warrant pursuant to which he searched Slaughter's car looking for cocaine. The search revealed, among other things, a pistol (for which the defendant had a permit), a certificate of deposit for $175,000, and two marijuana cigarettes, all of which were admitted into evidence. No cocaine was found in the car.

Shortly before trial Slaughter filed a motion to suppress alleging, among other grounds, that the search warrant was signed by a magistrate who "was not a neutral and detached Magistrate as required by the Constitution [and] the laws of the State of Georgia and of the United States in [that] said recorder was the attorney of record in a civil action filed against your petitioner with which he had your petitioner served and upon which he had an interest in the outcome as your petitioner believes the said recorder to have represented the plaintiff in said action on a contingency fee."

At the motion to suppress hearing, conducted immediately prior to the trial, the state produced the search warrant and the officer's supporting affidavit. The trial judge began to read the recently filed motion to suppress, quoted in part above, and noting the absence of any allegation that the issuing magistrate was biased or prejudiced, asked defense counsel to explain how the civil action affected the defendant in the criminal case. Defense counsel responded that the defendant's being in jail hampered defense of the civil case and that conviction in the criminal case would mean that the defendant could be impeached in the civil case.

The court then inquired as to the nature of the civil action, and the defense stated that it was a collection case involving $351. Defense counsel then was asked by the court how it was known that the magistrate was representing the plaintiff in the civil case on a contingent fee. Defense counsel stated that he had been told of the contingent fee arrangement by the defendant's lawyer who was defending the civil case. The trial judge said that the information as

to the contingent fee was hearsay and not proof of bias or prejudice, and he would on that basis overrule the motion to suppress. Defense counsel offered to call the magistrate to testify as to his fee arrangement. However, the trial judge continued reading the next ground of the motion to suppress.[1] After hearing testimony from the arresting officer relating to the sufficiency of the search warrant affidavit, the motion to suppress was overruled as to all grounds. The state was not called upon, and did not offer, to put up evidence regarding the issue now before us.

On appeal, the Court of Appeals reversed, holding that because the defendant had "set out facts that, if proven, could have resulted in a granting of his motion to suppress," 168 Ga. App. 58, the burden of proof was on the state, and because the state did not introduce evidence rebutting the allegation that the magistrate was not neutral and detached, it failed to carry its burden of proof. The state applied for certiorari complaining particularly, as do amicus curiae, of the statement by the Court of Appeals that "The possibility that the defendant may not have competent evidence to support his allegation is irrelevant until the state has entered evidence that specifically rebuts the defendant's charge." 168 Ga. App. 58-59. The state also urges that the decision in this case is in conflict with *Pope v. State,* 134 Ga. App. 455 (214 SE2d 686) (1975).

Searches are conducted either with or without a search warrant. "[T]he most basic constitutional rule in this area is that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment (Code Ann. § 1-804) — subject only to a few specifically established and well-delineated exceptions.' The exceptions are 'jealously and carefully drawn,' and there must be 'a showing by those who seek exemption . . . that the exigencies of the situation made that course imperative.' '(T)he burden is on those seeking the exemption to show the need for it.' " Coolidge v. New Hampshire, 403 U. S. 443, 454-455 (91 SC 2022, 29 LE2d 564) (1971) (footnotes citing cases omitted).

Because the burden is on those officers who conduct a search without a warrant to show that the search was conducted pursuant to an exception to the Fourth Amendment (Code Ann. § 1-804) warrant requirement, it can be said that a search without a warrant is presumed to be invalid and the burden is on the state to show that the warrantless search was valid. See Mincey v. Arizona, 437 U. S. 385,

---

[1] There were four grounds alleged in the motion to suppress. The one in issue here was the third ground.

390-391 (98 SC 2408, 57 LE2d 290) (1978); McDonald v. United States, 335 U. S. 451, 456 (69 SC 191, 93 LE 153) (1948).

On the other hand, a search conducted pursuant to a search warrant, regular and proper on its face, is presumed to be valid and the burden is on the person who moves to suppress the items found to show that the search warrant was invalid. See Franks v. Delaware, 438 U. S. 154, 171 (98 SC 2674, 57 LE2d 667) (1978); United States v. Vigo, 413 F2d 691, 693 (5th Cir. 1969).

In Franks, supra, the officer's affidavit supporting issuance of the warrant stated that affiant personally interviewed two named people at the defendant's place of employment and they said that defendant wore specified items of clothing (which the affidavit showed a rape victim had described as being worn by her assailant). In seeking a hearing on his motion to suppress, defense counsel stated that the two named people would testify that the officer never interviewed them personally and the clothing they described to another officer was somewhat different from that described in the affidavit. The trial court sustained the state's objection to the proffered testimony and denied movant a hearing on the motion to suppress.

On certiorari, the Supreme Court reversed, saying (438 U. S. at 171-172): "In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments (Code Ann. §§ 1-804 and 1-815 et seq.), to his hearing. Whether he will prevail at that hearing is, of course,

another issue." The foregoing requirements (e.g., specificity of allegations, accompanied by an offer of proof in affidavit form) placed upon the person who makes a motion to suppress are court imposed.

Our statute, OCGA § 17-5-30 (Code Ann. § 27-313), provides, in pertinent part:

"(a) A defendant aggrieved by an unlawful search and seizure may move the court for the return of property, the possession of which is not otherwise unlawful, and to suppress as evidence anything so obtained on the grounds that:

"(1) The search and seizure without a warrant was illegal; or

"(2) The search and seizure with a warrant was illegal because [i] the warrant is insufficient on its face, [ii] there was not probable cause for the issuance of the warrant, or [iii] the warrant was illegally executed.

"(b) The motion shall be in writing and state facts showing that the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion; and the burden of proving that the search and seizure were lawful shall be on the state. If the motion is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant in any trial." (Matter in brackets added.)[2]

Under our statute, a motion to suppress must be in writing and "state facts showing that the search and seizure were unlawful"[3] and "the burden of proving that the search and seizure were lawful shall be on the state."[4]

---

[2] Because its validity has not been questioned, we assume without deciding that our statute may put the burden of proof upon the state even though the burden would be upon the movant in a federal court.

[3] *Lavelle v. State,* 250 Ga. 224 (3) (297 SE2d 234) (1982), dealt with the sufficiency of movant's statement of "facts showing the search and seizure were unlawful" where no warrant had been issued.

[4] In *Pope v. State,* 134 Ga. App. 455 (214 SE2d 686) (1975), relied upon here by the state, the court noted that the phrase "burden of proof" is ambiguous, meaning either burden of persuasion (which does not shift) or burden of producing evidence (which may shift several times during a trial), and that the "burden of proof" referred to in OCGA § 17-5-30 (Code Ann. § 27-313) means "burden of persuasion" and is fixed upon the state (i.e. it does not shift).

Compare United States v. De La Fuente, 548 F2d 528, 533 (5th Cir.), cert. denied, 431 U. S. 932 (1977), where the court said that the burdens of production and persuasion generally rest upon the movant in suppression hearings, except that in some well defined situations the ultimate burden of persuasion may shift to the government upon an initial showing of certain facts by the movant (defendant).

The state contends that our Code section is not applicable in this case challenging the impartiality of the issuing magistrate because such challenge is not that "the warrant is insufficient on its face," or that "there was not probable cause for the issuance of the warrant," or that "the warrant was illegally executed" (hereinafter referred to as the three statutory grounds). The first two clearly are inapplicable here. As for the third, the state urges that the legality of execution of warrants is covered by OCGA §§ 17-5-25 through 17-5-28 (Code Ann. §§ 27-306 through 27-309) (e.g., warrants must be executed within ten days of issuance and must be executed at reasonable times; officers must give verbal notice before using force to enter). We agree. Next, the state argues, because the Code section is inapplicable here the applicable procedure should be that set forth in Franks v. Delaware, supra. We reach a somewhat different result.

So as not to create two procedures, one statutory and the other non-statutory, we find that all motions to suppress should be governed by OCGA § 17-5-30 (Code Ann. § 27-313), supra, to the extent possible. See *Carter v. State,* 238 Ga. 446 (233 SE2d 201), cert. denied, 434 U. S. 842 (1977). We hold that when a motion to suppress is made on one of the three statutory grounds, challenging the validity of a search and seizure *with* a warrant, the burden of showing that the search and seizure were lawful shall be on the state. This burden upon the state is satisfied by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged (i.e., the warrant is sufficient on its face, there was probable cause for its issuance, or the warrant was legally executed).

Where the challenge to the warrant is not based upon one of the three statutory grounds of OCGA § 17-5-30 (Code Ann. § 27-313), supra,[5] the state's burden is satisfied by production of the warrant and its supporting affidavit. The burden then shifts to the defendant to show the invalidity of the warrant on nonstatutory grounds.

The issue in this case is whether the magistrate who issued the search warrant was "neutral and detached" or had a "direct, personal, pecuniary interest" in issuing the search warrant. Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977). In Georgia, magistrates may, but need not, be attorneys. OCGA § 15-10-22 (a)

---

[5] The motion to suppress must "state facts," OCGA § 17-5-30 (Code Ann. § 24-503), supra, not conclusions, Franks v. Delaware, supra, showing that the warrant was invalid (or that the search and seizure were unlawful) upon some ground other than the three statutory grounds.

(Code Ann. § 24-503). "A magistrate who is an attorney may practice in other courts but may not practice in his own court or appear in any matter as to which his court has exercised jurisdiction." OCGA § 15-10-22 (b) (Code Ann. § 24-503). Magistrates may issue search warrants. OCGA § 15-10-2 (1) (Code Ann. § 24-402). However, no statute prohibits a magistrate from issuing a warrant to search the house or car of a person who is a defendant in civil litigation in which the magistrate is serving as attorney for the civil plaintiff. We decline to adopt such a per se rule because the fact of representation alone, while it may be sufficient in some cases to show that the magistrate is not neutral and detached or that he has a personal pecuniary interest in the issuance of the search warrant, is not conclusive in all cases. In fact, it is possible that a magistrate who signs a search warrant could be unaware that the person named in the warrant is an opposing party in a collection case in which he appears as an attorney.[6] Nor would the fact that the magistrate was handling the collection case on a contingent fee basis change this; in fact, it would often be to the magistrate-attorney's detriment for the defendant to suffer conviction, fine, imprisonment or confiscation of his property.

On the other hand, in some cases a magistrate who is also counsel of record in a civil suit against the defendant might not be, by virtue of the litigation, "neutral and detached" and might have a personal pecuniary interest in issuing the warrant. Certainly as Slaughter's attorney argues, where defense of the case is dependent upon the defendant's testimony, a conviction which could be used to impeach the defendant's testimony might be a benefit to the magistrate.

The Court of Appeals held that the trial court erred because, after stating facts showing the search and seizure were unlawful,[7] the defendant is not required by OCGA § 17-5-30 (Code Ann. § 27-313) to produce competent evidence of the facts stated in the motion. For the reasons stated above, we disagree. Where the defendant relies upon grounds other than the three statutory grounds in attacking a search conducted pursuant to a warrant, stating the requisite facts renders the motion viable, and results in the necessity for a hearing. At the hearing, however, after the state produces the warrant and its

---

[6] A magistrate who recognizes the defendant's name from a civil case in which the magistrate is an attorney would be well advised to refer the officer to another magistrate.

[7] The motion did not provide the name or nature of the case or the amount involved, did not identify the court in which it was pending, did not state that the case was still pending, and did not show that the case was not in default, and was not accompanied by affidavits or other supporting proof.

supporting affidavit, the defendant must prove the facts upon which he relies.

In this case, the trial court apparently accepted defense counsel's oral explanation of the motion to suppress that the issuing magistrate was an attorney for the plaintiff in a suit against the defendant. We have found (above) that this may be sufficient but is not conclusive. However, the trial court did not decide the motion to suppress on this basis. The trial court overruled the motion to suppress on the ground that the movant did not produce competent evidence showing that the magistrate was handling the case on a contingent fee. We have found (above) that proof of a contingent fee may not be required. We therefore affirm the Court of Appeals' reversal of the denial of the motion to suppress.

However, because it is possible that after hearing evidence the trial court may again deny the motion to suppress, we reverse the Court of Appeals insofar as it ordered a new trial to be held. See *Pierce v. State,* 238 Ga. 126, 129 (231 SE2d 744), cert. denied, 431 U. S. 930 (1977); *Cofield v. State,* 247 Ga. 98, 106 (274 SE2d 530) (1981). Because at least one enumeration of error remains undecided, we remand to the Court of Appeals for decision of such other enumerations of error as require decision before it can be determined whether a new trial is required regardless of the trial court's ruling on the motion to suppress.

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur, except Marshall, P. J., who dissents as to the affirmance of the Court of Appeals' reversal of the denial of the motion to suppress.*

DECIDED APRIL 17, 1984.

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellant.
*Herbert Shafer,* for appellee.
*Joseph L. Chambers, Charles T. Shean III,* amicus curiae.