70155, 70249. SLAUGHTER v. THE STATE (two cases).
(333 SE2d 30)

BENHAM, Judge.

Appellant was convicted of possession of cocaine and less than one ounce of marijuana. In the previous appearances of this case, we held that the trial court erred in denying appellant's motion to suppress evidence. *Slaughter v. State*, 168 Ga. App. 58 (308 SE2d 6) (1983). On certiorari, the Supreme Court agreed that the denial of the motion was error, inasmuch as the question of the magistrate's impartiality was not fully explored, and remanded the case to this court to decide the remaining enumerations. *State v. Slaughter*, 252 Ga. 435 (315 SE2d 865) (1984). On remand, we determined that the remaining enumerations were without merit and remanded the case to the trial court with direction to "follow the mandate of the Supreme Court by reconsidering appellant's motion to suppress." *Slaughter v. State*, 172 Ga. App. 578 (323 SE2d 876) (1984).

In accordance with the remand from this court, the trial court held a second hearing on appellant's motion to suppress, at which appellant argued that he was entitled to a de novo suppression hearing and attempted to raise issues other than the impartiality of the magistrate who issued the search warrant. The trial court, stating that the appellate opinions mandated that the hearing be limited to the impartiality issue, refused to allow appellant to address any other issues and subsequently denied the motion to suppress. Appellant enumerates as error the trial court's failure to consider fully his suppression motion. We affirm.

1. In the first footnote and throughout the body of its opinion, the Supreme Court repeatedly states that while the motion to suppress had several grounds, the one with which the court was con-

cerned was the one questioning the neutrality of the magistrate. *State v. Slaughter*, 252 Ga. 435, 436, 439. The neutrality issue being the basis for the Supreme Court's ruling that the trial court reconsider appellant's suppression motion, the trial court acted properly in hearing evidence on that issue alone, and appellant should have raised any other existing issues at the first suppression hearing.

2. In Case No. 70249, appellant enumerates as error the trial court's increase of his appeal bond from $50,000 to $250,000. In light of our resolution of appellant's case in Division 1 of this opinion, the bond issue is moot.

*Judgments affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 20, 1985.

*Herbert Shafer*, for appellant.
*William J. Smith, District Attorney, Douglas Pullen, Assistant District Attorney*, for appellee.