## A92A0883. BOWMAN v. THE STATE.
(422 SE2d 239)

COOPER, Judge.

Appellant was arrested for possession of cocaine and marijuana seized during the execution of a search warrant at his residence. He was indicted on two counts of violating the Georgia Controlled Substances Act, and following the denial of his motion to suppress, appellant was found guilty of both charges at a bench trial. On appeal, appellant's sole enumeration of error is that the trial court erroneously ruled that he, and not the State, had the burden of proof on the issue of whether the search was unlawful.

Immediately prior to trial a hearing on appellant's motion to suppress was held. The trial court directed defense counsel to call his first witness, and when the attorney protested that it was the State's duty to present evidence the court stated that appellant had "to show why the search warrant is not good. You don't get up and say it is not any good and sit down. You have the burden of going forward. If . . . you have a valid search warrant, you have the obligation to show why it is not any good." After objecting to the court's ruling that the defendant had the burden of proof, defense counsel produced the warrant and affidavit and called the affiant detective for cross-examination. The warrant was dated April 12, 1990, and stated that the detective had reason to believe that "Larry, white/male approximately 5'10", 180 lbs., brown hair," who resided at a certain address in DeKalb County in a house described as beige brick and brown shingles with the number on the front and a boat parked in the carport, was suspected of having cocaine on the premises in violation of OCGA § 16-13-30. The facts stated to establish probable cause were that "[w]ithin the last 72 hours of 12 March 1990, a confidential and reliable informant was inside the above location and observed cocaine being stored and sold. This informant has proven reliability over the last six (6) years by providing information to this detective that has led to the arrest of several people and the seizure of contraband drugs. Said informant has stated that some of the cocaine was stored in a boat in the carport of this residence. Affiant did a drive-by this date affirming existence of a boat in carport of said residence." The

detective testified that the date of March 12 typed in the application was a typographical error and that his testimony before the magistrate was that he received the information from the informant on April 12. He further swore that he verified much of the information he got from the informant with the DeKalb County police, including that appellant lived at the address given. During execution of the warrant, cocaine and marijuana were found in the house and on the person of appellant's co-defendant, who arrived while the house was being searched.

Appellant relies on *State v. Slaughter*, 252 Ga. 435 (315 SE2d 865) (1984), which held: "[A]ll motions to suppress should be governed by OCGA § 17-5-30 . . . to the extent possible. . . . [W]hen a motion to suppress is made on one of the three statutory grounds, challenging the validity of a search and seizure *with* a warrant, the burden of showing that the search and seizure were lawful shall be on the state. This burden upon the state is satisfied by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged (i.e., the warrant is sufficient on its face, there was probable cause for its issuance, or the warrant was legally executed)." Id. at 439. It is undisputed that appellant's motion was based on two of the grounds of invalidity found in OCGA § 17-5-30 (b): that the warrant was insufficient on its face; and that there was not probable cause for its issuance. Furthermore, the State concedes that the motion to suppress complied with OCGA § 17-5-30, and that under *Slaughter*, supra, it had the burden of proof to show that the search was valid. However, it contends that appellant has not shown that he was harmed by the procedure imposed by the trial court, as he did not have to expend any additional effort and was not deprived of any opportunity to confront and cross-examine witnesses. We agree that this was harmless error. The warrant and affidavit were attached to appellant's motion to suppress and the detective who requested its issuance was the only witness at the hearing. "[T]he burden of proof referred to in [OCGA § 17-5-30] is a burden of persuasion. As such, it does not shift during the course of the motion hearing, even though the burden of producing evidence may shift back and forth. Accordingly, the mere fact that [appellant] assumed the burden of producing evidence at the outset of the hearing does not mean that the trial court shifted the burden of persuasion to [him]." *Pope v. State*, 134 Ga. App. 455, 456 (1) (214 SE2d 686) (1975). See *Slaughter*, supra at 438, n. 4. Since the warrant, the supporting affidavit and the other evidence offered were produced at the hearing, we cannot say the State did not meet its burden to show that the search and seizure were lawful. See *Wells v. State*, 196 Ga. App. 133 (1) (395 SE2d 296) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 8, 1992.

*James B. Sullivan*, for appellant.

*Robert E. Wilson*, District Attorney, *Gregory A. Adams*, *Elisabeth G. MacNamara*, Assistant District Attorneys, for appellee.