## S95G1218. DAVIS et al. v. THE STATE.
(465 SE2d 438)

CARLEY, Justice.

Based upon evidence seized pursuant to a search warrant, appellants Roy and Terri Davis were arrested and indicted for various drug offenses. They filed a motion to suppress the evidence, alleging that the warrant had not been issued on probable cause. OCGA § 17-5-30 (a) (2). The trial court granted the motion, but, in a whole-court case, the Court of Appeals reversed. *State v. Davis*, 217 Ga. App. 225 (457 SE2d 194) (1995). The Court of Appeals' plurality opinion contains the statement that "[t]he challenger of a search warrant has the burden of proving its invalidity. OCGA § 17-5-30 (a); *State v. Slaughter*, 252 Ga. 435, 437 (315 SE2d 865) (1984)." *State v. Davis*, supra at 227. We granted appellants' application for a writ of certiorari in order to determine whether this is a correct statement of the law of this state.

OCGA § 17-5-30 (a) is not statutory authority for the proposition that the challenger of a search warrant has the burden of proving its invalidity. That statute merely provides that one who is aggrieved by an unlawful search, whether conducted with or without a warrant, is authorized to move to suppress the seized evidence on certain enumerated grounds. It is OCGA § 17-5-30 (b) which addresses the burden of proof as to suppression of evidence and, according to the terms of that provision, "the burden of proving that the search and seizure were lawful shall be on the state." The burden of proof referred to in OCGA § 17-5-30 (b) "is a burden of persuasion. As such, it does not shift during the course of the motion hearing, even though the burden of producing evidence may shift back and forth." *Pope v. State*, 134 Ga. App. 455, 456 (1) (214 SE2d 686) (1975). See also *State v. Slaughter*, supra at 438, fn. 4.

Likewise, *State v. Slaughter*, supra, is not decisional authority for the proposition that the challenger of a search warrant has the burden of proving its invalidity. It is true that, in *State v. Slaughter*, supra at 437, this Court did note that, in federal practice, "the burden is on the person who moves to suppress the items found to show that the search warrant was invalid. [Cits.]" However, with regard to this state's practice, the court noted that OCGA § 17-5-30 (b) "may put the burden of proof upon the state even though the burden would be upon the movant in a federal court." *State v. Slaughter*, supra at 438, fn. 2. Indeed, the ultimate holding in *State v. Slaughter*, supra at 439, was:

[W]hen a motion to suppress is made on one of the three statutory grounds [enumerated in OCGA § 17-5-30 (a) (2)], challenging the validity of a search and seizure with a warrant, the burden of showing that the search and seizure were

lawful shall be on the state. This burden upon the state is satisfied by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged. . . .

(Emphasis omitted.)

Thus, under Georgia law, the challenger of a search warrant does not have the burden of proving its invalidity. Once a motion to suppress has been filed, the burden of proving the lawfulness of the warrant is on the state and that burden never shifts. *State v. Slaughter*, supra at 438, fn. 4; *Pope v. State*, supra at 455 (1). The only burden upon the challenger of a search warrant is that of producing evidence to support his challenge, which burden is shifted to him only after the state has met its initial burden of producing evidence showing the validity of the warrant. *State v. Slaughter*, supra at 439. The erroneous statement placing the burden of proof on the challenger of a search warrant that was made in the Court of Appeals' opinion in this case or in any other case, such as *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989), is hereby disapproved.

It does not necessarily follow, however, that the judgment of the Court of Appeals must be reversed. With regard to the merits of appellants' motion to suppress, the state produced the warrant and its supporting affidavit. In determining whether an affidavit sufficiently establishes probable cause, the totality of the circumstances analysis is to be employed. *State v. Stevens*, 252 Ga. 181 (311 SE2d 823) (1984). Under the totality of the circumstances, the issuing magistrate was authorized to make the determination that probable cause existed and that the warrant to search appellants' home should be issued. See *Whitten v. State*, 174 Ga. App. 867 (1) (331 SE2d 912) (1985). In opposition to the evidence produced by the state, appellants offered nothing. Compare *Eaton v. State*, 210 Ga. App. 273, 275 (435 SE2d 756) (1993). In this evidentiary posture, the state met its burden of proof as a matter of law and the denial of appellants' motion to suppress was mandated. " '[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' [Cits.]" *Munson v. State*, 211 Ga. App. 80, 83 (438 SE2d 123) (1993). Since the Court of Appeals' erroneous statement regarding the burden of proof was unnecessary to its correct determination that appellants' motion to suppress should be denied, that erroneous statement must be deemed to be mere obiter dictum and the judgment of reversal is correct. See *Bowman v. State*, 205 Ga. App. 347 (422 SE2d 239) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996 —
RECONSIDERATION DENIED FEBRUARY 5, 1996.

*Lane & Crowe, Grayson P. Lane,* for appellants.
*Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney,* for appellee.