## A99A2382. ROUSE v. THE STATE.
### (526 SE2d 360)

BARNES, Judge.

Jerome Rouse appeals his conviction for possession of cocaine. He contends the trial court erred by denying his motion to suppress cocaine seized from his person because it was the product of an illegal search. Because we find that the motion did not comply with OCGA § 17-5-30, however, we must affirm the trial court's dismissal of the motion.

The record and transcript show that Rouse personally filed a handwritten motion to suppress without the assistance of counsel on September 30, 1996. This motion, however, was untimely because it was filed after Rouse, with the assistance of counsel, waived formal arraignment on September 13, 1996. Uniform Superior Court Rule 31.1. Further, the motion contained conclusions rather than facts, e.g., "no valid arrest," "search . . . without any valid constitutional basis," and referred to a search of both Rouse's car and his person.

Later, the trial court permitted Rouse's counsel to file a written amendment to the motion to suppress, but the amended motion, prepared and filed by counsel, also contained conclusions only. It stated:

> Comes now defendant Jerome Rouse and moves to dismiss indictment and suppress evidence (drugs) for following reasons: Defendant on August 11, 1996 defendant [sic] was not violating any law at 229 Holloway Drive. Officers conducted a Terry frisk without a reasonable and articulable facts or suspicion [sic]. Defendant relies upon *State v. Banks*, 223 Ga. App. 838 (1996).

Consequently, neither the original motion nor the amended motion complied with the requirement of OCGA § 17-5-30 (b) that the "motion shall be in writing and state facts showing that the search and seizure were unlawful."

The State moved to dismiss Rouse's motion because of these procedural deficiencies, but the trial court denied the State's motion, reserving the right to dismiss Rouse's motion after hearing it. After hearing evidence and argument of counsel on the motion to suppress,

the trial court ruled it would "deny and/or dismiss" the motion.

As all motions to suppress must state facts and not merely conclusions (*Boatright v. State*, 192 Ga. App. 112, 118 (8) (385 SE2d 298) (1989)), and no facts were stated in these motions, the trial court did not err by dismissing Rouse's motion. *Taylor v. State*, 197 Ga. App. 678, 679 (1) (399 SE2d 213) (1990).

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Eldridge, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 30, 1999.

*Martin C. Puetz*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

