## A00A2181. POWLES v. THE STATE.
(545 SE2d 153)

BLACKBURN, Chief Judge.

Following a jury trial, Robert Marvin Powles appeals his conviction on four counts of aggravated assault on a peace officer (Counts 1 through 4), possession of a weapon during the commission of a crime (Count 5), cocaine trafficking (Count 6), possession of marijuana (Count 7), theft by receiving stolen property (Count 8), and possession of a firearm by a convicted felon (Count 9). Powles contends that the trial court erred by (1) not merging all but Counts 6 and 7 into the first count of aggravated assault, (2) dismissing his suppression motion for failure to provide adequate facts, and (3) ruling that the State proved a lawful entry and search.

We note initially that Powles has violated Court of Appeals Rule 27 by failing to provide this Court with any facts or citations to the record. " 'We have repeatedly held that it is not the function of this court to cull the record on behalf of a party.' " *Chastain v. State.*[1] Because the issues raised on appeal are narrow, however, we will exercise our discretion and resolve this appeal on its merits. See id.

The evidence at trial showed that Agents Mickey Cox, Dennis Messman, Robert Bridgeman, and Reginald McCain forcibly entered Powles' residence pursuant to a warrant. Cox entered the residence first, followed by McCain. A male later identified as Powles shot Cox from behind a bedroom door. Cox was able to fire back. After the shooting, Special Agent Noe was called in to execute the warrant. Noe seized powder cocaine, crack cocaine, marijuana, electronic scales, and four firearms from the home.

1. Powles argues that all of the counts aside from the drug counts (Counts 6 and 7) should merge into Count 1 (aggravated assault on Agent Cox) because the seven remaining counts relate to the act of shooting Agent Cox with a stolen .380 caliber pistol. We disagree.

A crime is included in another as a matter of fact if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). Alternatively, a crime is included in another as a matter of law if "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (2); see *Hardy v. State.*[2]

(a) First, we determine that Counts 2 through 4 (aggravated

[1] *Chastain v. State*, 237 Ga. App. 640 (516 SE2d 362) (1999).
[2] *Hardy v. State*, 210 Ga. App. 811, 813 (437 SE2d 790) (1993).

assault on Agents McCain, Bridgeman, and Messman, respectively) do not merge into Count 1 (aggravated assault on Agent Cox). To prove aggravated assault, the State must show simple assault with certain aggravating circumstances. See OCGA §§ 16-5-20; 16-5-21. Simple assault requires proof that the defendant "[a]ttempt[ed] to commit a violent injury to the person of another" or "[c]ommit[ed] an act which place[d] another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20.

Counts 2 through 4 do not merge as a matter of fact because each count required proof that a different officer was placed in reasonable apprehension of immediately receiving a violent injury. See OCGA §§ 16-1-6 (1); 16-5-20. Indeed, Agent McCain testified that he thought he was about to be shot. Agent Bridgeman, who entered the residence after McCain, testified that he felt fear and apprehension because of the gunfire. Agent Messman, who was in the living room, testified that he tried to find cover when he heard the gunfire. Because Counts 1 through 4 involved separate victims, the counts also do not merge as a matter of law. See OCGA § 16-1-6 (2).

(b) Powles' contention that Count 5 (possession of a weapon during the commission of a crime) merges into Count 1 (aggravated assault on Agent Cox) is unavailing. Such crimes do not merge because, as we have previously noted, "[t]he legislature intended to impose additional punishment against an individual who uses a firearm during the commission of certain crimes, including aggravated assault." *Pace v. State*.[3]

(c) Powles also contends that Count 8 (theft by receiving stolen property) merges into Count 1 (aggravated assault on Agent Cox) because the stolen property listed in the indictment was the .380 caliber pistol Powles used to assault Agent Cox. We disagree. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a). This count does not merge into Count 1 as a matter of fact because it required proof that Powles knew or should have known that the firearm was stolen. See OCGA § 16-1-6 (1). No such proof is required for an aggravated assault conviction. See OCGA § 16-5-21. The counts also do not merge as a matter of law. See OCGA § 16-1-6 (2).

(d) Finally, Powles contends that Count 9 (possession of a weapon by a convicted felon) merges into Count 1 (aggravated assault on Agent Cox). We again disagree. This count does not merge into Count 1 as a matter of fact because it required proof that Powles

---

[3] *Pace v. State*, 239 Ga. App. 506, 509 (4) (521 SE2d 444) (1999).

was a convicted felon, and Count 1 did not. See OCGA § 16-1-6 (1). The counts also do not merge as a matter of law. See OCGA § 16-1-6 (2).

2. A trial court's dismissal of a motion to suppress is within its discretion and "is not to be disturbed unless the appellate court finds abuse of that discretion." *Amerson v. State*.[4] By statute, a motion to suppress evidence illegally seized "shall be in writing and state facts showing that the search and seizure were unlawful." OCGA § 17-5-30 (b).

In his motion to suppress, Powles stated,

> On or about December 12, 1998, at 3:45 p.m. members of the Clayton County Narcotics Unit, consisting of Officers M. Cox, F.P.P.D., R. McCain, C.C.P.D., R. Bridgeman, C.C.P.D., and others smashed open the door to defendant's residence and proceeded to search the residence and seize the defendant and others present. Defendant Powles stated that the officers entered the residence located [at] 4101 John Arnold Circle, Conley, Georgia without consent and without a valid warrant.

Citing *State v. Goodman*,[5] Powles argues that the trial court erred by dismissing his suppression motion for insufficient facts because his motion contained pertinent information, including the date of search, the identity of the person searched, and the identity of the officer that conducted the search. We disagree.

In *Goodman*, the State disputed the trial court's denial of its motion to dismiss Goodman's suppression motion for insufficient facts. This Court, in upholding the trial court's decision, noted that

> with respect to warrantless searches, many of the necessary allegations in the motion to suppress are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search). Thus, to determine the sufficiency of the motion to suppress evidence obtained in a warrantless search and seizure, the court examined the specific allegations set forth in the motion to determine whether those allegations were sufficient to put the state on notice as to the type of search involved (without warrant vs.

---

[4] *Amerson v. State*, 177 Ga. App. 97, 100 (5) (338 SE2d 528) (1985).
[5] *State v. Goodman*, 220 Ga. App. 169 (469 SE2d 327) (1996).

with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing.

(Citation and punctuation omitted.) *Goodman*, supra at 170. Powles' reliance upon *Goodman* is misplaced because the search here was performed pursuant to a warrant. Although Powles conclusively stated in his motion to suppress that the warrant was invalid, he did not provide any facts to support this conclusion. We have stated that "motions to suppress must state facts and not merely conclusions." *Rouse v. State.*[6] Powles did not put the State on notice about how he intended to attack the validity of the warrant. Having found no abuse of discretion, we uphold the trial court's dismissal of the motion.

3. Powles argues that the State failed to prove a lawful entry and search with competent evidence of a search warrant. Powles did not raise this issue below, only having stated that the warrant was invalid. Because Powles did not preserve this issue, we need not address it. See *Smith v. State.*[7]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 8, 2001.

*James W. Bradley*, for appellant.
Robert M. Powles, *pro se.*
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.

[6] *Rouse v. State*, 241 Ga. App. 167, 168 (526 SE2d 360) (1999).
[7] *Smith v. State*, 221 Ga. App. 428 (2) (472 SE2d 4) (1996).