## A03A0185. HALL v. THE STATE.
### (574 SE2d 610)

ELDRIDGE, Judge.

The Superior Court of Chatham County denied Leonard Hall's motion to suppress cocaine found on his person as a result of the execution of a search warrant at Hall's place of employment, Woods Barbershop on 37th Street in Savannah, and Hall's subsequent consent to a search of his person. From testimony adduced at the hearing on the motion to suppress, the trial court determined that Hall had voluntarily consented to a search of his person. Hall claims that, despite his consent to search, the motion to suppress should have been granted since the State failed to introduce the search warrant and supporting affidavit, thereby rendering the entry into Woods Barbershop illegal and tainting everything that came thereafter, including his consent to search. For the reasons that follow, we affirm.

On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the judgment made.[1] So viewed, testimony at the motion to suppress showed that Hall had started working as a barber at Woods Barbershop just three months prior to the incident date; he had not yet built up a clientele. On the day in question, Hall was working in the shop with two of the apparent owners, Tony and Fred Woods. The police entered Woods Barbershop pursuant to a warrant establishing the barbershop as a known drug sale location; the officer who swore out the affidavit for the warrant informed the executing officers that barbers were selling drugs out of the shop.

Immediately upon entry, the occupants of the shop were detained. All witnesses who testified at the hearing, including Hall, stated that the adults in the shop were patted down for weapons: "And he came through and he said, 'I'm going to pat everybody down and see if they got any weapons.' He patted everybody down and he sat everybody down." The officer who patted Hall down testified that "I think everyone is armed and dangerous when I go into a drug situation. For security I'm going to check — I'm going to ask those questions. I don't care."

After patting Hall down, the officer testified that he asked him for permission to search his person:

We got a search warrant. We're looking for drugs. I asked him did he have any drugs on his person. He stated, "No," threw his arm up. Said, "Can I search you?" "Yeah, go ahead." And he appeared to be a little nervous, but he said, "Go ahead," and I searched him and that's when I recovered

---

[1] *Dickerson v. State*, 241 Ga. App. 593, 594 (1) (526 SE2d 443) (1999).

the substance. That's when he immediately said that I planted the substance in his pocket.

Hall was arrested and charged with possession of cocaine. *Held*:

1. Hall challenges the search warrant for Woods Barbershop, claiming that the State failed to prove its legality by tendering the warrant and supporting affidavit. Hall argues that, "Had the State tendered the search warrant and affidavit, its burden of proof would have been met. [Cit.] Having failed to do so, the burden was on the State to prove some exception to the warrant requirement."

We agree with Hall that, when the allegations contained in a motion to suppress raise the issue of the legality of a search warrant under either statutory or nonstatutory grounds, the State must tender the warrant and the affidavit issued in support thereof in order to meet its initial burden to establish the lawfulness of the warrant:

> when a motion to suppress is made on one of the three statutory grounds [under OCGA § 17-5-30[2]], challenging the validity of a search and seizure with a warrant, the burden of showing that the search and seizure were lawful shall be on the state. This burden upon the state is satisfied by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged (i.e., the warrant is sufficient on its face, there was probable cause for its issuance, or the warrant was legally executed). Where the challenge to the warrant is not based upon one of the three statutory grounds of OCGA § 17-5-30[,] the state's burden is satisfied by production of the warrant and its supporting affidavit.[3]

"The warrant and supporting affidavit are necessary to establish the standard against which . . . allegations [regarding the legality of the warrant are] required to be balanced."[4]

However, despite the State's failure to introduce the warrant and supporting affidavit, the trial court denied the motion to suppress, and "[a] trial court's ruling on a motion to suppress will be upheld if it is right for any reason."[5] Our de novo review of the uncon-

---

[2] The three statutory grounds asserting illegality in a search warrant are (1) the warrant is insufficient on its face; (2) there was not probable cause for the issuance of the warrant; or (3) the warrant was illegally executed. OCGA § 17-5-30 (a) (2).

[3] (Punctuation omitted.) *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984).

[4] *Watts v. State*, 274 Ga. 373, 376 (2) (552 SE2d 823) (2001).

[5] *Worsham v. State*, 251 Ga. App. 774 (554 SE2d 805) (2001).

tested facts of record shows that Hall's motion to suppress must fail for the following reasons.

(a) It is undisputed by any party in this case that a search warrant for Woods Barbershop existed and that the police entered the premises pursuant to its execution. In the court below, Hall asserted in his motion to suppress that "Defendant was arrested when officers of the Chatham-Savannah Counter Narcotics Team (CNT) executed a search warrant for premises known as 747 East 37th Street, Savannah, Chatham County, Georgia." During the hearing on the suppression motion, Hall's attorney informed the court of the name of the officer that swore out the affidavit for the search warrant and informed the court that it "is beyond question that my client was not named in the warrant." By brief, Hall claims that "The State's evidence showed that ten (10) to twelve (12) police officers arrived at the barber shop to execute a search warrant obtained by Agent Byron Hill."

Accordingly, a threshold inquiry must be made, i.e., whether Hall has standing to challenge the legality of a search warrant for a public enterprise, Woods Barbershop, to which Hall has never asserted either a proprietary, possessory, or privacy interest.[6]

> The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387) [(1979)]. And, an individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises has not had any of his Fourth Amendment rights infringed.[7]

In this case, Woods Barbershop was open to the public and nothing in the record demonstrates the existence of any work area, desk, or anything else in the shop that could remotely be considered "personal" to employee Hall so as to implicate his Fourth Amendment rights. Nor does Hall make such assertion. Further, the apparent owners of Woods Barbershop, Tony and Fred Woods, were present at the execution of the warrant and have not claimed that the warrant for the search of their premises was in any way illegal or invalid. "It is undisputed that [Hall] has no ownership or possessory interest in [Woods Barbershop]. As such, he had no expectation of privacy in the

---

[6] *Lewis v. State*, 233 Ga. App. 560, 561-562 (2) (504 SE2d 732) (1998).

[7] (Punctuation omitted.) *Delgado v. State*, 192 Ga. App. 356, 357 (384 SE2d 680) (1989); *Ferron v. State*, 216 Ga. App. 456 (454 SE2d 637) (1995); *Keishian v. State*, 202 Ga. App. 718 (415 SE2d 324) (1992).

premises and lacks standing to challenge the validity of the search warrant."[8]

(b) OCGA § 17-5-30 (b) requires that a motion to suppress shall be in writing and shall "state facts showing that the search and seizure were unlawful." With regard to a challenge to the legality of a search warrant, the allegations of the motion to suppress put all participants on notice as to how the defendant contends the warrant was illegal in relation to the facts of the case and thereby "establish the standard against which [the] allegations were required to be balanced" by the State's proof of the warrant's validity.[9] This Code section has been liberally applied in that detailed facts in support of the allegations need not be alleged; as long as the general factual allegations of the motion to suppress are sufficient to notify all concerned of the basis for a claim that the warrant was illegal, OCGA § 17-5-30 (b) will be satisfied.[10] "[S]tating the requisite facts renders the motion viable, and results in the necessity for a hearing."[11]

Here, the relevant allegations contained in the written motion to suppress are that,

> At the execution of the warrant Defendant's person was searched, which search revealed the presence of a small amount of cocaine. Defendant was not named in the warrant. . . . No evidence existed to implicate Defendant in any crime at the time of the aforesaid search and seizure. The search and seizure *of Defendant* was in violation of Georgia Law[,] Official Code of Georgia, Annotated, Title 17, Sections 5-20, inclusive, the 1983 Constitution of the State of Georgia[,] Article I, Section I, Paragraph XIII[,] and the Fourth Amendment to the United States Constitution and is not valid by any exception thereto.

(Punctuation omitted; emphasis supplied.)

We find that the allegations of Hall's motion to suppress are insufficient to comply with OCGA § 17-5-30 (b) so as to contain a challenge to the legality of the *warrant*. There is no claim in the motion that the warrant was illegal in any fashion. The motion claims only that the search of *Hall* was illegal under the broadly referenced Code and constitutional sections, because he was not named

---

[8] *Moody v. State*, 232 Ga. App. 499, 504 (4) (a) (502 SE2d 323) (1998).

[9] *Watts v. State*, supra.

[10] Id.

[11] *State v. Slaughter*, supra at 440; accord *Watts v. State*, supra at 374-375 (1) ("The allegations of Watts' motion were clearly sufficient to put the State on notice that it would have to meet its burden of proving that the search and seizure were valid by showing that no material information was omitted [from the warrant] or that any such omissions were not deliberate or reckless.").

in the warrant and was not under suspicion of wrongdoing. "[Hall] did not put the State on notice about how he intended to attack the validity of the warrant."[12]

Further, during the hearing on the motion to suppress, Hall never provided a factual basis for a claim that the warrant was not regular and proper on its face. At the suppression hearing, Hall orally claimed that, because the State did not introduce the warrant and supporting affidavit, the State failed to prove the warrant was legal. However, in the absence of any alleged factual basis for believing that the warrant was not regular and proper on its face — or even a *claim* of such illegality — a search conducted pursuant to a search warrant, regular and proper on its face, is presumed to be valid.[13]

An oral basis for a motion to suppress is procedurally defective under OCGA § 17-5-30 (b).[14] Since "no facts were stated in [this] motion[ ], the trial court did not err by [denying Hall's] motion."[15]

2. Hall claims error in the police officers' entry into the barbershop and detention of its occupants, because the State failed to prove the legality of the search warrant upon which such actions were taken. Hall's written motion to suppress contains no such claim of error, and, thus, such claim is in procedural default of the statutory requirements of OCGA § 17-5-30 (b). Further, our disposition in Division 1 (a), supra, renders this claim of error meritless.

3. Next, Hall contends that, because the State failed to prove the legality of the search warrant authorizing the officers' entry into the barbershop and detention of its occupants, his subsequent consent to search was tainted. Again, this contention does not appear in — nor can it be reasonably construed from — the written motion to suppress, which is in contravention of the requirements of OCGA § 17-5-30 (b). Moreover, this claim of error is meritless in light of our decision in Division 1 (a), supra.

4. Finally, Hall argues that, even if the search warrant was valid, the officer who patted him down had no suspicion that he was armed and dangerous and, thus, such pat-down was illegal. However, the search warrant was for drugs, and the officer in question had been informed, specifically, that barbers were selling drugs from Woods Barbershop; Hall was a barber at the shop. "[I]t is not unreasonable for officers to anticipate that those who are suspected of

---

[12] *Powles v. State*, 248 Ga. App. 4, 7 (2) (545 SE2d 153) (2001).

[13] *Franks v. Delaware*, 438 U. S. 154, 171-172 (98 SC 2674, 57 LE2d 667) (1978); see also *Graham v. State*, 234 Ga. App. 96, 98 (505 SE2d 268) (1998) (in the absence of a factual basis to the contrary, "the presumption of validity of an affidavit executed in support of a search warrant must stand") (citations and punctuation omitted); *Walton v. State*, 207 Ga. App. 787, 790 (3) (429 SE2d 158) (1993) ("presumption in favor of regularity of all proceedings in a court of competent jurisdiction") (emphasis omitted).

[14] *Copeland v. State*, 272 Ga. 816, 817 (2) (537 SE2d 78) (2000).

[15] *Rouse v. State*, 241 Ga. App. 167, 168 (526 SE2d 360) (1999).

involvement in the drug trade might be armed,"[16] and such sentiment was reflected in the officer's statement that he is always concerned about weapons when he "goes into a drug situation." We find a minimally intrusive weapons pat-down reasonable under the circumstances of this case.

Moreover, the cocaine at issue was not found during the weapons pat-down about which Hall complains, but immediately after the pat-down pursuant to Hall's consent to search his person. As there is no nexus between the allegedly improper weapons pat-down and the cocaine sought to be suppressed, the pat-down would provide no basis for the granting of Hall's motion to suppress the cocaine. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this [C]ourt."[17]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 20, 2002 ▮▮▮▮▮▮▮

*Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.

---

[16] (Citation and punctuation omitted.) *Satterfield v. State*, 251 Ga. App. 141, 144 (553 SE2d 820) (2001); *Stewart v. State*, 227 Ga. App. 659, 660-661 (2) (490 SE2d 194) (1997).

[17] (Citations and punctuation omitted.) *Florence v. State*, 246 Ga. App. 479, 481 (4) (539 SE2d 901) (2000).