[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2008
THOMAS K. KAHN
CLERK

No. 07-11247
Non-Argument Calendar

_____

D. C. Docket No. 06-02853-CV-JEC-1

ROBERT MARVIN POWLES,

Petitioner-Appellant,

versus

WARDEN PAUL THOMPSON,
THURBERT BAKER,
Attorney General of the State
of Georgia,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 24, 2008)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Marvin Powles, a Georgia state prisoner proceeding pro se, appeals the district court's dismissal of his habeas petition, 28 U.S.C. § 2254 as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996). Because the mailbox rule applied to Powles's state habeas filings, we conclude the federal petition was timely filed and accordingly, we vacate and remand for further proceedings.

Powles is serving a term of fifty-five years imprisonment following his 2000 conviction for aggravated assault, drug trafficking, and possession of a firearm. Powles filed a direct appeal, which the Georgia Court of Appeals denied on February 8, 2001. Powles v. State, 545 S.E.2d 153 (Ga. Ct. App. 2001). Powles did not file a petition for cert. with the Georgia Supreme Court. Thereafter, Powles filed state motions seeking to compel corrections in the trial transcripts; the motions were denied. Powles filed his state habeas petition on February 18, 2002. On April 19, 2006, the state court denied relief, and the Georgia Supreme Court denied a certificate of probable cause to appeal on October 31, 2006. While the state petition was pending, Powles filed a federal habeas petition, which was dismissed without prejudice.

On November 14, 2006, Powles signed the instant § 2254 petition and delivered it to prison authorities for mailing. The magistrate judge sua sponte

2

recommended that the petition be dismissed as untimely because more than one-year had expired since the conviction became final under 28 U.S.C. § 2244(d)(1). According to the magistrate judge, the time period began to run on February 18, 2001, which was ten days after the conviction was affirmed on direct appeal and signified the expiration of the time in which to file for cert. review in the state supreme court. The time ran until February 18, 2002 when Powles filed his state habeas petition. It then tolled until the state petition was denied and the state supreme court decline to issue a certificate of probable cause to appeal on October 31, 2006. The magistrate judge determined that, had Powles filed his petition on that date, it would have been timely filed. Powles, however, did not file the federal petition until November 14, 2006. The magistrate judge noted that none of the other state motions Powles filed would have tolled the limitations period. The magistrate judge further concluded that the limitations period would not toll during the time it took for Powles to learn of the court's decisions.

Powles objected to the recommendation, arguing that the limitations did not begin to run until February 26, 2001 and tolled when he placed his state habeas petition in the prison mail services on February 4, 2002, and that he was not notified of the state supreme court's denial of review until November 3, 2006. He thus claimed that he had eleven days remaining in the limitations period when he

3

filed his federal petition on November 14, 2006.

The district court considered Powles's arguments, but adopted the magistrate judge's recommendation and dismissed the petition as time-barred. Powles requested a certificate of appealability ("COA") on the timeliness determination and the merits of his § 2254 petition. The district court granted the COA without specifying the issues.

"This court reviews de novo the district court's determination that the petition for federal habeas corpus relief was time-barred under the AEDPA." Moore v. Crosby, 321 F.3d 1377, 1379 (11th Cir. 2003). The AEDPA imposes a one-year statute of limitations on petitions for writs of habeas corpus. In particular, 28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant to this case, the limitation period runs from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state and such application is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). The Supreme Court has determined that "an application is

4

'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) (emphasis in original). An untimely application is not properly filed, and thus does not toll the limitations period. Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004).

At issue in this case is whether the mailbox rule applies to state habeas petitions. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). If so, Powles's petition was filed on February 4, 2002, and the time tolled until the state denied relief on October 31, 2006, and then ran for an additional fourteen days until the § 2254 petition was filed. Under that scenario, a total of 364 days expired. If the mailbox rule does not apply, and the petition was filed on February 18, 2002, the petition was untimely.

The outcome of this case is dictated by this court's recent decision in Taylor v. Williams, No. 07-10453 (11th Cir. May 23, 2008), in which this court concluded that the mailbox rule applied to a prisoner's state habeas petition. Because the mailbox rule applied, Powles's petition was timely filed. Accordingly, we **VACATE** and **REMAND** with instructions for the district court to consider the merits of Powles's habeas petition. Powles's pending motion for reconsideration is denied as moot.

5