A91A2009. THE STATE v. ARMSTRONG.
(416 SE2d 537)

COOPER, Judge.

The State appeals the trial court's grant of appellee's motion to suppress. Specifically, the State contends the court erred in granting the motion on the basis of facts and law not alleged in appellee's written motion.

Appellee was indicted for possession of cocaine, and in his motion to suppress, appellee questioned the existence of probable cause for the search. Appellee subsequently amended the motion to suppress to allege, in addition, that there was insufficient probable cause for a general search of the premises when there was arguably only probable cause for the search of a certain bedroom. At the suppression hearing, the officer who executed the warrant testified that the warrant listed a Morrow, Georgia address and that at the time of the search, he believed the house was in Morrow but that the actual mailing address was Forest Park, Georgia. The State presented evidence in support of the warrant on the issue of probable cause. When appellee's counsel cross-examined the officer on the alleged improper address, the State

objected on the ground that the issue had not been raised in the motion to suppress; that the affidavit in support of the warrant and the warrant had been given to appellee's counsel prior to the hearing; that appellee was limited by the allegations in the written motion to suppress; and that appellee was not entitled to orally assert the alleged incorrect address as a basis for his motion at the hearing. The trial court granted the motion, citing *State v. Hatch*, 160 Ga. App. 384 (287 SE2d 98) (1981), in which this court held that " '(w)here the name of the owner or occupant is not given [in a search warrant], the description of the premises must be exact.' [Cits.]" Id. at 385. The court then denied the State's request for additional time to present evidence and legal authority on the issue, the State arguing that it had only prepared to offer proof at the hearing on the written allegation in the motion to suppress and not the oral motion asserted during the hearing. The State also alleges that had it been given the opportunity, evidence would have proven that Morrow was the correct address.

1. " 'On motion to suppress evidence, the trial judge sits as the trior of facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cit.]' [Cits.]" *Jamison v. State*, 199 Ga. App. 401, 405 (405 SE2d 82) (1991). This court cannot consider the purported evidence cited in the State's brief supporting the validity of the search warrant which was not introduced in the trial court. However, OCGA § 17-5-30 requires that a motion to suppress be "in writing and state facts showing that the search and seizure were unlawful." Appellee did not dispute the State's statement that appellee had ample opportunity to review the warrant in advance of the hearing and assert an incorrect address as a defect in his motion to suppress; certainly appellee would be in the best position to know if the address on the warrant were incorrect, as it was his own address. Because the issue was not raised in the motion to suppress and "the state was not properly placed on notice that this issue would be raised at the hearing on the motion, . . . the objection must be deemed waived. [Cit.]" *Sampson v. State*, 165 Ga. App. 833 (2a) (303 SE2d 77) (1983); *Wilson v. State*, 197 Ga. App. 181, 183 (397 SE2d 744) (1990). Accordingly, the trial court erred in granting the motion to suppress.

2. Having determined that the issue was not properly before the trial court, we need not consider the State's second enumeration of error, that the trial court erred in suppressing the evidence on the basis of the alleged technical irregularity of improper address.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

Decided March 3, 1992.

Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney, for appellant.

Steven E. Lister, for appellee.