## S94A0179. THE STATE v. LAWRENCE.
### (443 SE2d 270)

HUNSTEIN, Justice.

The appellee, John Wesley Lawrence, was arrested and indicted for the murder of his brother. During the pre-trial *Jackson-Denno* hearing, the state called two witnesses, both Valdosta police patrolmen, Christian Stevick and Terry Griffin. Officer Stevick testified that a lookout had been issued for appellee and while he was patrolling on the evening of December 11, 1992, appellee flagged him down saying, in effect, "I hear you're looking for me." Officer Griffin, who reported to the location to assist Officer Stevick, testified that when he arrived he detected "an odor of alcohol about [appellee]." Griffin testified that appellee, in response to Griffin's inquiry, stated that he had had a few drinks. The officer nevertheless determined that appellee was coherent based on his speech, actions and manner of responding to questions. Griffin then read appellee his *Miranda* rights and then asked for and received permission to search appellee's car. Upon the discovery of certain evidence, appellee was taken to the police station where Officer Griffin confirmed by questioning that the suspect could understand English and could read and write, whereupon he again read appellee his *Miranda* rights. Griffin then asked appellee to sign a waiver of counsel and to prepare a written statement. Appellee signed the waiver, but protested that he did not feel like writing, but would allow Officer Griffin to prepare the statement for him. The statement was prepared, read to appellee, initialed in several places and signed by him. It was this statement which appellee moved to suppress as having been involuntarily given.

On cross-examination, Officer Griffin was asked why the booking report contained a note indicating that appellee was unable to sign it. The officer began to respond that appellee "just didn't feel writing —," but was reminded that the note said appellee was *unable* to sign. The state then stipulated that Griffin had written "unable to sign" whereupon the trial court summarily terminated the hearing and orally granted appellee's motion on the ground that it could not find that appellee's statement had been voluntarily and intelligently given since there was testimony that appellee was intoxicated and evidence that he was "unable to sign." The following day, the court entered a written order granting the motion to suppress. That order, from which the state appeals, sets forth the court's rulings on a number of appellee's pre-trial motions and demands, but contained no findings of fact or conclusions of law as to any of those rulings, including appellee's motion to suppress.

The state contends that if it had been allowed to continue the presentation of its evidence its next witness would have testified that appellee was "unable to sign" because his hands had been covered

with bags so that a gunshot residue test could be conducted, but that even without that witness' testimony, the trial court's ruling on the evidence which was heard was clearly erroneous.

Pretermitting the issue whether the court's ruling was clearly erroneous, we conclude that the trial court's summary termination of the hearing, denying not only to the state, but also to appellee, a full and fair opportunity to be heard, violates the requirement that the court rule on the admissibility of such confessions only after it has considered the totality of the circumstances. *Clewis v. Texas*, 386 U. S. 707 (87 SC 1338, 18 LE2d 423) (1967); *Gates v. State*, 244 Ga. 587, 590 (1) (261 SE2d 349) (1979). Accordingly, we vacate that portion of the trial court's order granting appellee's motion to suppress his statement and remand this case with the direction that another hearing on the admissibility of appellee's statement be conducted in a manner consistent with this opinion and with the further direction that the trial court set forth its reasoning in its written order ultimately granting or denying appellee's motion to suppress. We do not hereby express any opinion as to whether appellee's motion should be granted.

*Judgment vacated in part and case remanded with direction. All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 10, 1994.

*H. Lamar Cole, District Attorney, J. David Miller, Bradford M. Shealy, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellant.

*Kitchens, Wolfson, Smith & Hannan, B. Miles Hannan,* for appellee.