A97A2330. THE STATE v. RODDY.

(497 SE2d 653)

SMITH, Judge.

The Albany police made an investigative stop of a vehicle in

which David L. Roddy was a front seat passenger.[1] The driver gave the officers consent to search the vehicle, and during the search, one officer saw a gun under a rear seat passenger's leg. Another passenger began fighting with the officers as a second officer attempted to remove him from the rear seat. The third rear seat passenger got out of the vehicle and, while being patted down, stated that he had "a little bit of weed"; the officer found marijuana and cocaine in his pants pocket. All three rear seat passengers were arrested on various charges.

An officer then conducted a protective patdown of Roddy and discovered a plastic bag of marijuana hidden in his clothing. Roddy was charged with possession of marijuana with the intent to distribute. He filed a motion to suppress. The trial court granted the motion, finding that the search was improper under the "plain feel" doctrine. The State appeals from the trial court's order, and we vacate and remand because the State was not properly placed on notice of this basis for Roddy's motion to suppress.

In his motion, Roddy specifically challenged the probable cause to search him, claiming that "[r]equiring Mr. Roddy to exit the vehicle, the interrogation and the search [were] without probable cause or reasonable suspicion that the Defendant had committed any crime." In addition, the motion alleged that the search violated Fourth Amendment constitutional concerns because no warrant had issued. But Roddy raised no issue regarding the seizure of the drugs under the "plain feel" doctrine.

On April 15, 1997, an evidentiary hearing was held on the motion. The arresting officer testified in narrative fashion about the circumstances surrounding the stop and arrest. The officer testified that during the initial protective patdown of Roddy, he "felt a bag or something soft and smushy at that point." Thereafter, a plastic bag containing eight individual baggies of marijuana and a quarter ounce bag of marijuana were seized from Roddy's shorts. During the hearing, no questions were asked by either the State or the defense addressing the actual seizure of the plastic bag containing the contraband. The arguments of counsel were related solely to the issue of probable cause to search Roddy in the first place.[2] Further, the trial court expressed concern only about the issue of a basis for the search: "But the question is . . . whether there was any reason to search this man. He wasn't doing anything."

Three weeks after the evidentiary hearing, Roddy filed a "Brief

---

[1] The stop was allegedly pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[2] We note that the standard for a *Terry* stop is "reasonable, articulable suspicion" rather than probable cause.

in Support of Defendant's Motion to Suppress." In this brief, Roddy for the first time raised the issue of the "plain feel" doctrine. He claimed the officer's testimony at the suppression hearing did not support seizure under the "plain feel" doctrine based upon this Court's decision in *Boatright v. State*, 225 Ga. App. 181 (483 SE2d 659) (1997).

Thereafter, citing *Boatright*, the trial court granted Roddy's motion to suppress and found that "the search conducted exceeded the bounds of the 'plain feel' corollary to the 'plain view' doctrine."

The State raises the issue that "[o]nly after the evidentiary hearing was held, did Appellee offer argument, via his brief in support of motion to suppress, that the State had violated the 'plain feel' doctrine." The State's complaint has merit.

As a matter of course, evidence exclusion is an extreme sanction and one not favored in the law. See, e.g., *Bazemore v. State*, 225 Ga. App. 741, 744 (484 SE2d 673) (1997). For this reason, the statutory procedure for the suppression of evidence requires that the motion to suppress "shall be in writing and state facts showing that the search and seizure were unlawful." OCGA § 17-5-30 (b); *Boatright v. State*, 192 Ga. App. 112, 117-118 (385 SE2d 298) (1989). We have held that an issue raised in a brief in support of a motion to suppress may be considered as part of the motion. *Stanley v. State*, 206 Ga. App. 125 (1) (424 SE2d 90) (1992). But we emphasized in *Stanley* that the brief in that case was filed *contemporaneously* with the motion. Id.

Ultimately, the suppression motion must be "sufficient to put the [S]tate on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and *the legal issues to be resolved at that hearing*." (Emphasis supplied.) *Lavelle v. State*, 250 Ga. 224, 227 (297 SE2d 234) (1982). Accord *Seaman v. State*, 214 Ga. App. 878, 879 (1) (449 SE2d 526) (1994). To hold otherwise would condone suppression by ambush and encourage the concealment of relevant issues until after the evidentiary hearing is completed and the witnesses cannot be questioned to address them. Testimony at an evidentiary hearing likely will be deficient as to a particular issue when that issue is not identified in time to be addressed.

Here, no argument based on the "plain feel" doctrine was raised so as to notify the State to question the officer specifically regarding the evidentiary standard for seizure under "plain feel." In the middle of a long narrative, the officer testified generally as to what the plastic bag felt like "at that point" when he first discovered it on Roddy's person. No one asked the officer about the *contents* of the plastic bag; no one inquired whether the officer could deduce the contents through his "sense of touch"; no one asked the officer whether the bag was, ultimately, "an object whose contour or mass [made] its

identity immediately apparent" to the officer prior to its seizure. See *Boatright*, supra, 225 Ga. App. at 182; see also *Howard v. State*, 220 Ga. App. 579, 581-582 (469 SE2d 746) (1996) (plastic bag containing cocaine found in defendant's crotch area properly admitted under Fourth Amendment "plain feel" doctrine because its nature "immediately apparent" to officer).

Because an issue regarding "plain feel" was not raised in the motion to suppress and the State was not properly placed on notice that this issue would be raised at the hearing on the motion, the evidentiary basis upon which the trial court found the search exceeded the bounds of the "plain feel" doctrine was not fully developed. See, e.g., *Seaman*, supra at 878-880 (2); see generally *State v. Armstrong*, 203 Ga. App. 159, 160 (1) (416 SE2d 537) (1992).

A motion to suppress may be amended at the discretion of the trial court. See generally *Kessler v. State*, 221 Ga. App. 368, 369 (471 SE2d 313) (1996); *Davis v. State*, 203 Ga. App. 315, 316 (3) (416 SE2d 789) (1992). Roddy raised the "plain feel" issue prior to the trial court's ruling on the motion, and the trial court ruled on this basis, thus in effect granting the amendment. But the trial court did not allow the State the opportunity to respond with additional evidence. We conclude that these circumstances demand a second evidentiary hearing be held. Accordingly, we vacate the trial court's order granting Roddy's motion to suppress and remand this case with the direction that the trial court conduct another hearing on the motion, with the further direction that the trial court set forth its reasoning in its written order ultimately granting or denying Roddy's motion to suppress.[3] We do not hereby express any opinion as to whether Roddy's motion should be granted or denied.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 11, 1998.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellant.
*Willie C. Weaver*, for appellee.

---

[3] See generally *State v. Lawrence*, 264 Ga. 262 (443 SE2d 270) (1994).