S00A1152. COPELAND v. THE STATE.
(537 SE2d 78)

FLETCHER, Presiding Justice.

Michael Copeland was convicted of the malice murder of Dequlius Douglas and aggravated assaults on Annie Nesmith and Taurus Banks.[1] He was sentenced to life imprisonment for the murder conviction and two consecutive 20-year terms for the aggravated assault convictions. On appeal he argues that the trial court erred in denying his oral motion to suppress firearms seized in a search of his home. Because Copeland's oral motion to suppress was made on the first

charged defendant with that offense as well as malice murder).
[13] See *Smith v. State*, 267 Ga. 372 (477 SE2d 827) (1996); *Dennard v. State*, 263 Ga. 453 (435 SE2d 26) (1993).
[1] The crimes were committed on October 27, 1993, and Copeland was indicted on March 11, 1994. The jury returned its verdict and he was sentenced on April 2, 1996. His motion for new trial was filed May 1, 1996, and denied on October 16, 1998. Copeland filed his notice of appeal on November 4, 1998, and his case was submitted to this Court on briefs without oral arguments on May 22, 2000.

day of trial, it failed to satisfy the requirements of OCGA § 17-5-30 (b) and Uniform Superior Court Rule 31.1. We therefore hold that the trial court did not err in denying the motion and affirm Copeland's convictions.

1. On October 27, 1993 Copeland and five other people drove around searching for Dequlius Douglas and Travis Nesmith to avenge an attempted armed robbery. Spotting several people congregated at an ice cream truck, Copeland leapt out of his vehicle, pressed his pistol against Taurus Banks's face, and asked, "who is DQ?" Numerous eyewitnesses testified that once Dequlius Douglas identified himself as "DQ," Copeland began firing his weapon. Douglas was shot in the back and died as a result of this wound. Annie Nesmith was struck in the hand by a bullet fragment. The state's firearms examiner testified that five 9-millimeter cartridge cases found at the crime scene were fired from an Intratec 9-millimeter pistol. Eyewitnesses testified that Copeland's weapon was a 9-millimeter pistol.

Reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Copeland guilty of each crime charged beyond a reasonable doubt.[2]

2. On the first day of trial, more than two years after the search of his home, Copeland orally moved to suppress firearms seized by police from underneath the mattress of his bed. Copeland maintained that the consent to search given by his mother was obtained under duress, rendering the search invalid. The trial court denied the motion, concluding that Copeland failed to comply with the requirements of OCGA § 17-5-30 (b) and USCR 31.1.

OCGA § 17-5-30 (b) provides: "The motion shall be in writing and state facts showing that the search and seizure were unlawful." USCR 31.1 regarding the filing of motions in criminal matters, states, "All motions . . . shall be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." This Court has held that both OCGA § 17-5-30 and USCR 31.1 require that a motion to suppress evidence seized in an allegedly unlawful search be filed before arraignment.[3] Further, oral motions to suppress are procedurally defective under OCGA § 17-5-30 (b).[4] Thus Copeland failed to preserve his right to challenge the validity of the search.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Van Huynh v. State*, 258 Ga. 663, 664 (373 SE2d 502) (1988); see also *Stanley v. State*, 242 Ga. App. 597 (2) (530 SE2d 506) (2000).

[4] See *Graves v. State*, 135 Ga. App. 921, 922 (219 SE2d 633) (1975); *Brannen v. State*, 117 Ga. App. 69 (159 SE2d 476) (1967).

Further, he may not circumvent the requirement of a timely, written motion to suppress by couching his motion "in the alternative" as a motion in limine. "Motions in limine do not replace motions to suppress or other specific kinds of pre-trial hearings in criminal cases."[5]

3. A weapon similar to the one used in the crime may be admitted in evidence where there is evidence demonstrating that it is a "trustworthy standard of comparison."[6] The state's evidence established that Copeland's weapon was a 9-millimeter pistol, and that cartridge cases found at the crime scene were fired from an Intratec 9-millimeter pistol. Additionally, an eyewitness to the shooting testified that there were no differences between the state's exhibit Intratec 9-millimeter pistol and Copeland's weapon. The state therefore established that its exhibit was a trustworthy standard of comparison, and the trial court did not err in admitting it in evidence.

4. There is no merit to Copeland's contention that Fulton Superior Court lacked jurisdiction to try him. Last, by his voluntary absence from court during his sentencing hearing, Copeland waived his right to be present at this proceeding.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Thomas F. Jones*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General*, for appellee.

---

[5] See Paul S. Millich, *Georgia Evidence*, § 3.6 (1995). See generally *State v. Johnson*, 249 Ga. 413 (291 SE2d 543) (1982) (discussing motions in limine).

[6] *Boyd v. State*, 264 Ga. 490, 491 (448 SE2d 210) (1994).

[7] *Lonchar v. State*, 258 Ga. 447, 452-453 (369 SE2d 749) (1988).