A03A2347. THE STATE v. GOMEZ.
(597 SE2d 509)

ELLINGTON, Judge.

In February 2002, the solicitor-general of Gwinnett County filed an accusation against Roberto Duran Gomez for driving under the influence of alcohol, OCGA § 40-6-391 (a) (1) and (5), as well as other traffic violations. The trial court subsequently ordered that all evidence resulting from the traffic stop be excluded at trial, and the State appeals. We find the trial court erred in excluding the evidence, because Gomez's motion was both untimely and legally insufficient, and because the police officer had a sufficient legal basis for stopping Gomez. Therefore, we reverse.

The record shows that, at approximately 5:15 a.m. on October 20, 2001, a Gwinnett County police dispatcher transmitted a lookout for a red Honda Prelude, tag number 588ZJC, traveling northbound on Interstate 85. A citizen had reported that the vehicle was "all over the

roadway," and the driver appeared to be intoxicated. A Gwinnett County police officer observed a red Honda Prelude on an exit ramp from northbound I-85, confirmed that the tag number matched that given in the lookout, followed the car briefly without observing any traffic violations, then pulled the driver over. The officer arrested Gomez for DUI, failure to maintain a lane, failure to yield, and not having a valid driver's license.

The State arraigned Gomez on April 15, 2002. Three days later, Gomez filed a generic motion to suppress, asserting that officers violated his constitutional rights when they searched his home without a valid warrant and asking that the fruits of this search be suppressed. At the hearing on the motion, the State argued that the motion was invalid because it was untimely filed and did not raise any legal issues that were relevant to this case. It is clear from the accusation that the charges only involved traffic violations, and it is undisputed that there had been no search of Gomez's home. Therefore, there was no evidence to be suppressed pursuant to any such search. Further, even when read broadly, the motion did not raise any issue of whether the officer had a reasonable, articulable suspicion of criminal activity necessary to justify a traffic stop.[1]

In response to the State's objections to the court's consideration of his motion, Gomez conceded that the motion was "very broad," and was "more of a drug suppression motion than it is for a DUI case,"[2] but asked the court to rule upon it anyway. Then, changing his argument midstream, Gomez asked the court to suppress all evidence based upon a finding that there was no probable cause for his arrest. Eventually, the trial court determined sua sponte that the real issue to be decided in this case was whether there was sufficient reasonable, articulable suspicion to justify the traffic stop. The court found that there was no evidence that the concerned citizen who first reported Gomez's erratic driving had an ulterior motive, and that there did not appear to be an issue as to whether the citizen was reliable. Even so, the trial court held that, because the officer did not actually see Gomez commit a traffic offense or otherwise corroborate the citizen's report, the officer lacked a reasonable, articulable suspicion of criminal activity to justify the traffic stop. The court then granted Gomez's motion to suppress.

1. On appeal, the State challenges the court's order, arguing that Gomez waived a motion to suppress because he did not timely file the motion and, then, failed to secure the court's written extension of time to file. Under Uniform Superior Court Rule 31.1, "[a]ll motions,

---

[1] See *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).

[2] There were no drugs involved in this case.

demurrers, and special pleas shall be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial."

> USCR 31.1 does not allow exceptions; its flexibility is provided by when and how an extension of time for filing may be granted. When faced with an untimely pre-trial motion, the court may dismiss the motion or entertain a request by the defendant to enter a written order accepting the late filing.

(Citation, punctuation and footnote omitted.) *State v. Serio*, 257 Ga. App. 369, 371 (571 SE2d 168) (2002). In this case, the trial court did neither, and its grant of Gomez's untimely motion to suppress was error.

2. Further, even if the motion had been timely filed, it did not seek the relief granted, and was so grossly inapplicable to the facts of this case that it did not reasonably put the State on notice as to its nature and scope. "As a matter of course, evidence exclusion is an extreme sanction and one not favored in the law." *State v. Roddy*, 231 Ga. App. 91, 93 (497 SE2d 653) (1998). For this reason, OCGA § 17-5-30 (b) requires a motion to suppress to be in writing and to "state facts showing that the search and seizure were unlawful. On a motion to suppress, the State is entitled to proper notice of the issue raised or it will be deemed waived." (Citations and punctuation omitted.) *State v. Allen*, 256 Ga. App. 798, 800 (570 SE2d 34) (2002). In other words, "the suppression motion must be sufficient to put the State on notice as to the type of search [or seizure] involved . . . , which witness to bring to the hearing on the motion, and *the legal issues to be resolved at that hearing*." (Citations and punctuation omitted; emphasis in original.) *State v. Roddy*, 231 Ga. App. at 93.

In this case, the motion identified the wrong legal issues to be addressed at the hearing, and nothing in the motion to suppress indicated that Gomez was challenging the legal basis for the traffic stop. As a result, the State had no notice that it would be expected to address this issue during the hearing. We find the trial court erred in granting Gomez's motion to suppress under these circumstances.

3. Finally, we also conclude the trial court erred when it found that, because the officer did not actually see Gomez commit a traffic offense, the officer lacked a reasonable, articulable suspicion of criminal activity to justify the traffic stop.

> A dispatcher who reports a crime at a specified location gives police an articulable suspicion to investigate and detain individuals at the scene, particularly where police observations on arriving at the scene corroborate the dispatcher's

report. Even if the dispatcher's information comes from a citizen or an unidentified informant, the investigatory detention is valid, for patrolling officers are not required to question dispatchers about the source of the information. Further, corroboration only solidifies the existence of an articulable suspicion.

(Citations and punctuation omitted.) *Brown v. State*, 253 Ga. App. 741, 742-743 (1) (560 SE2d 316) (2002).

In this case, a citizen reported that a red Honda Prelude with tag number 588ZJC was traveling northbound on I-85, and that the driver was driving "all over the roadway" and appeared to be intoxicated. As the trial court found, there was no evidence that the citizen knew Gomez or that the citizen had an ulterior motive for reporting his observations. A police dispatcher transmitted a lookout for the car based upon the citizen's report of this specific information. Shortly after hearing this dispatch, the officer spotted a vehicle that matched this description on an exit ramp from northbound I-85, and confirmed that the tag number matched that given in the lookout. Under these facts, we conclude that the officer had a reasonable, articulable suspicion to justify an investigative traffic stop, and was not required to question the dispatcher about the source of the information or to wait until he actually observed Gomez committing a crime. *Brown v. State*, 253 Ga. App. at 742-743 (1); *Hudson v. State*, 253 Ga. App. 210, 211-212 (558 SE2d 420) (2002). Accordingly, the trial court erred in granting Gomez's motion to suppress.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MARCH 22, 2004.

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellant.
*Martin M. del Mazo*, for appellee.