## A06A0484. PRATHER v. THE STATE.
(633 SE2d 46)

BERNES, Judge.

Darrin Lamar Prather appeals his convictions for possession of cocaine and marijuana and obstruction of a law enforcement officer. He contends the trial court erred in denying his motion to suppress evidence and challenges the sufficiency of the evidence supporting his obstruction conviction. For the reasons that follow, we affirm.

The undisputed evidence shows that on December 31, 2004, at approximately 8:05 p.m., DeKalb County police officers T. Pearson and J. Walker both responded to a radio dispatch relaying an anonymous tipster's report of illegal drug activity at the Glenwood Bowling Lanes.[1] The tipster had reported that a black male was selling illegal drugs from a green Chevrolet Impala parked at the rear of the bowling alley parking lot.

When Officer Walker arrived at the scene, he surveyed the parking lot and immediately saw the vehicle identified in the call. The vehicle, occupied by Prather, stood out because it was the only vehicle parked in the rear of the lot. Officer Walker parked his police car to the side of Prather's vehicle while Officer Pearson, who had also arrived on the scene, activated his blue lights and parked his car to the rear of Prather's vehicle. The two officers exited their cars and approached Prather. Officer Walker could see that Prather, who was in the driver's seat, was leaning over as if he "was looking in his lap." Since Officer Walker could not see Prather's hands and was concerned that he might be armed, he instructed Prather to put his hands on the steering wheel. Instead of complying with the officer's command, Prather drove away, fleeing from the parking lot. The two officers returned to their patrol cars and attempted to stop Prather.

DeKalb County Aerial Support happened to be in the area and followed Prather's vehicle by air. During the chase, Prather jumped out of the vehicle and fled on foot. Officers Pearson and Walker secured the vehicle, while another officer apprehended Prather.

---

[1] The only witnesses who testified at the motion to suppress hearing were two of the responding officers. Prather did not cross-examine the officers at the hearing and stipulated to the facts of the State's case at the subsequent bench trial.

Officers Pearson and Walker conducted a search of the vehicle. In the center console, they discovered a large amount of cash and a ziplock bag containing approximately 3.09 grams of an off-white powdery substance that later tested positive as cocaine. In the floorboard behind the right passenger seat, they also discovered a clear plastic bag containing approximately 13.4 grams of a green leafy substance that later tested positive as marijuana.

1. On appeal from the denial of a motion to suppress "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). In denying Prather's motion to suppress, the trial court relied on *Gomez v. State*, 266 Ga. App. 423 (597 SE2d 509) (2004), and held that the information provided by the unidentified citizen informant, coupled with the officer's observations at the scene, provided articulable suspicion justifying the stop of Prather's vehicle.[2] In *Gomez*, we held:

A dispatcher who reports a crime at a specified location gives police an articulable suspicion to investigate and detain individuals at the scene, particularly where police observations on arriving at the scene corroborate the dispatcher's report. *Even if the dispatcher's information comes from a citizen or an unidentified informant*, the investigatory detention is valid, for patrolling officers are not required to question dispatchers about the source of the information. Further, corroboration only solidifies the existence of an articulable suspicion.

(Citations and punctuation omitted; emphasis supplied.) *Gomez*, 266 Ga. App. at 425-426 (3).[3] See also *State v. Harden*, 267 Ga. App. 381, 383 (599 SE2d 329) (2004); *Brown v. State*, 261 Ga. App. 228, 229-230

---

[2] Both parties to this appeal agree that the initial encounter between Prather and the two officers constituted a *Terry* stop or "second tier encounter" requiring a reasonable articulable suspicion, i.e., a particularized and objective basis for suspecting that a citizen is involved in criminal activity. See *O'Neal v. State*, 273 Ga. App. 688, 690 (616 SE2d 479) (2005); *Holmes v. State*, 252 Ga. App. 286, 288 (556 SE2d 189) (2001).

[3] Compare *Archer v. State*, 217 Ga. App. 257, 259 (1) (456 SE2d 754) (1995). ("The fact that [an officer] was responding to a police dispatch does not affect the insufficiency of the information received from the tipster or support the validity of the subsequent drug search. That which is insufficient in its own right cannot be made sufficient by the fact that it is broadcast over a police network.") (citation and punctuation omitted); *Swanson v. State*, 201 Ga. App. 896, 897-898 (412 SE2d 630) (1991).

(582 SE2d 183) (2003); *Brown v. State*, 253 Ga. App. 741, 742-743 (1) (560 SE2d 316) (2002); *Overand v. State*, 240 Ga. App. 682, 683 (1) (523 SE2d 610) (1999).

Prather contends the trial court's ruling was erroneous and the police officers lacked articulable suspicion of criminal activity because the anonymous tipster's report of drug activity was not sufficiently corroborated by the police. He relies on *Alabama v. White*, 496 U. S. 325, 329-331 (110 SC 2412, 110 LE2d 301) (1990), and argues that our holding in *Gomez* violates the dictates of *White*.

In *White*, 496 U. S. at 329-331, the United States Supreme Court held that an anonymous tip may furnish reasonable suspicion for a stop only if the totality of the circumstances demonstrates the tip bears an indicia of reliability. "[I]f the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, [i.e., it demonstrates inside information not known by the general public,] reliability may be established if the details are corroborated by the observations of the police." *Brown v. State*, 223 Ga. App. 364, 366 (1) (477 SE2d 623) (1996). If a tip is completely lacking in indicia of reliability, the police are required to conduct further investigation to corroborate the tip before a forcible stop of a suspect is authorized. *White*, 496 U. S. at 329-330.

We need not decide in this case whether our holding in *Gomez* comports with the dictates of *White*. Prather ignored the officers' commands, fled from the scene and led the officers on a chase in violation of OCGA § 40-6-395 (a), "Fleeing or attempting to elude police officer."[4] Under these circumstances, we have held that

> *regardless of the propriety of an officer's basis for the execution of a Terry traffic investigative stop*, attempting to flee from such stop is a separate crime altogether, i.e., fleeing or attempting to elude a police officer. *Such offense does not require that an investigative traffic stop be proper*, and this Court will not find that the determination of whether there is a "legal" basis for a traffic stop belongs to the driver, thereby giving him the right to ignore blue lights and a siren if he determines he is being stopped illegally.

(Footnotes omitted; emphasis supplied.) *Eichelberger v. State*, 252 Ga. App. 801, 803-804 (2) (557 SE2d 439) (2001). See also *State v. Stilley*, 261 Ga. App. 868, 870-871 (584 SE2d 9) (2003) (whole court).

---

[4] That Prather was not arrested for violating OCGA § 40-6-395 is immaterial to our analysis. The underlying validity of an investigatory stop of a vehicle does not hinge upon whether charges are brought for observed traffic offenses. See *Howard v. State*, 233 Ga. App. 861, 861-862 (505 SE2d 270) (1998).

As such, Prather's commission of the crime of fleeing and attempting to elude an officer purged any taint arising from the allegedly illegal stop and provided a legitimate basis for discovery of the evidence. See *Scoggins v. State*, 248 Ga. App. 1 (545 SE2d 19) (2001).

Moreover, during the course of Prather's flight, he abandoned the vehicle. "The constitutional protection of the Fourth Amendment does not apply to property which has been abandoned." (Footnote omitted.) *Watson v. State*, 247 Ga. App. 498, 499 (544 SE2d 469) (2001). See also *Elliott v. State*, 230 Ga. App. 855, 857 (1) (497 SE2d 817) (1998). The officers were thus authorized to search Prather's vehicle and the evidence seized therefrom was not required to be suppressed. "[A] judgment that is right for any reason will be affirmed." (Citations and punctuation omitted.) *Banks v. State*, 275 Ga. App. 326, 329, n. 4 (620 SE2d 581) (2005).

2. Prather next contends that the evidence was insufficient to support his conviction of misdemeanor obstruction under OCGA § 16-10-24 (a).[5] The indictment charged Prather with obstructing Officer Pearson by fleeing from him. The evidence established that when Officer Pearson activated his patrol vehicle's flashing blue lights, giving a visual signal for Prather to remain stopped, Prather fled from the scene and led the officers on a chase until he was apprehended and arrested. This evidence was sufficient to authorize Prather's conviction as charged. *Sharp v. State*, 275 Ga. App. 487, 488-489 (1) (621 SE2d 508) (2005); *O'Neal v. State*, 211 Ga. App. 741, 742-743 (2) (440 SE2d 513) (1994).

Prather argues that the encounter was consensual such that he was entitled to withdraw, or alternatively, that Officer Pearson was not discharging his lawful duty when he attempted to stop him without having articulable suspicion of criminal activity. As stated in Division 1, the officer's stop of Prather's vehicle was a second tier encounter. Therefore, the authorization to withdraw from a consensual first tier encounter does not apply here. See *Sharp*, 275 Ga. App. at 488-489 (1). Compare *In the Interest of J. T.*, 239 Ga. App. 756, 758-759 (521 SE2d 862) (1999).

In Division 1, we further held that irrespective of whether the officers had articulable suspicion for the stop, Prather was not entitled to flee from the officers. *Stilley*, 261 Ga. App. at 870-871; *Eichelberger*, 252 Ga. App. at 803-804 (2). Prather's act of fleeing constituted his commission of the separate crime of fleeing and attempting to elude, which does not depend upon the validity of the

---

[5] OCGA § 16-10-24 (a) provides in pertinent part, "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."

initial stop. Id. Accordingly, even if we were to hold that Officer Pearson was not discharging his lawful duty when he initially attempted to detain Prather without articulable suspicion, see *In the Interest of J. T.*, 239 Ga. App. at 759, thereafter, the officer was discharging his lawful duty during the chase that ensued after Prather's flight. See *Eichelberger*, 252 Ga. App. at 803-804 (2); *Sharp*, 275 Ga. App. at 488-489 (1). Prather's obstruction conviction based on his act of fleeing was authorized.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 16, 2006.

*Benjamin A. Davis, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.