## S07G0613. YOUNG v. THE STATE.
### (653 SE2d 725)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Young v. State*, 282 Ga. App. XXV, Case No. A06A1562 (decided November 27, 2006),[1] to consider whether the Court of Appeals correctly held that the defendant waived his right to challenge the lack of a search warrant. For the reasons that follow, we affirm.

Homer Young appealed to the Court of Appeals from the trial court's denial of his motion to suppress evidence found during a search of his home, and the Court of Appeals affirmed the denial. With respect to the issue on certiorari, on appeal Young contended that the search was illegal because there was no actual search warrant.[2] He asserted that the officers conducted the search pursuant to an affidavit and application for a search warrant signed by a magistrate, but that no separate search warrant ever issued. The Court of Appeals held that because Young's written motion to suppress did not reasonably put the State on notice about such argument challenging the lack of a warrant, the argument was waived.

At the heart of the matter is OCGA § 17-5-30 (b),[3] which sets forth the requirements for a motion to suppress. The statutory provision mandates that a motion to suppress "be in writing and state facts showing that the search and seizure were unlawful." This Court

---

[1] The opinion was not officially reported.

[2] Young also argued to the Court of Appeals that the affidavit in support of the search warrant application contained insufficient information to determine the informant's reliability or to establish probable cause. But, such argument will not be addressed in this opinion inasmuch as it is outside this Court's grant of certiorari.

[3] OCGA § 17-5-30 (b) states:
> The motion shall be in writing and state facts showing that the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion; and the burden of proving that the search and seizure were lawful shall be on the state. If the motion is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant in any trial.

has affirmed that a motion to suppress evidence seized in an allegedly unlawful search must be in writing, and that oral motions to suppress are procedurally defective under OCGA § 17-5-30 (b). *Copeland v. State*, 272 Ga. 816, 817 (2) (537 SE2d 78) (2000). Compliance with OCGA § 17-5-30 (b) is required because "evidence exclusion is an extreme sanction and one not favored in the law." *State v. Gomez*, 266 Ga. App. 423, 425 (2) (597 SE2d 509) (2004). It logically follows that,

> [o]n a motion to suppress, the State is entitled to proper notice of the issue raised or it will be deemed waived. In other words, the suppression motion must be sufficient to put the State on notice as to the type of search [or seizure] involved . . . , which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing.

(Citations and punctuation omitted.) Id. See also *State v. Armstrong*, 203 Ga. App. 159, 160 (1) (416 SE2d 537) (1992).

As noted by the Court of Appeals, Young's written motion to suppress identified only three legal issues to be addressed at the hearing before the trial court. Young contended that the affidavit in support of the issuance of the search warrant contained insufficient information to establish probable cause; that the information was stale; and that the search warrant was "anticipatory," that is, the warrant was obtained to intercept a drug delivery to be made in the future. The motion to suppress did not challenge the very existence of a search warrant. In fact, it is quite the contrary. Much of the argument in the motion was premised on the existence of the search warrant, and it expressly mentioned a search warrant several times, even stating that Young was seized and searched by "[o]fficers with a *search warrant*" and that Young was moving "for an order suppressing all evidence seized from his person and residence under the authority of that *search warrant* attached hereto as 'A.'" Appended to the motion as "A" was merely the document denoted "Affidavit & Application For A Search Warrant"; there was no copy of an actual warrant included. It was not until the hearing on the motion to suppress that Young's counsel raised in argument a question as to the issuance of an actual search warrant.

Yet, Young argues that he adequately and timely addressed the matter because his written motion to suppress was prepared and filed based upon assertions by the State that a search warrant had issued, that it came as a surprise during the suppression hearing that State's Exhibit 1, which the State asserted was a search warrant, was only an application for a warrant, and that the issue was brought before the trial court immediately after examination of State's Exhibit 1. But, the argument is wholly unavailing.

First, there is no evidence that Young's motion to suppress was based upon any representations by the State, unintentional or intentional, of the existence of a search warrant in the case.[4] As to Young's claim of surprise at the motion to suppress hearing about the lack of a warrant after counsel viewed the State's exhibit, it is belied by the fact that Young had the very same documentation appended to his motion to suppress, which he represented in the motion as a search warrant, i.e., the application and affidavit for the warrant. Moreover, there is no evidence of any impediment to the defendant in this case in determining the lack of a warrant. In short, Young could have ascertained prior to the motion hearing whether a warrant existed. The warrant is the very document he references in his motion contesting the search and seizure of his person.

Certainly, the burden of proving the lawfulness of a search warrant is on the State and that burden never shifts. *Graddy v. State,* 277 Ga. 765, 767 (3) (596 SE2d 109) (2004). But, it is the defendant's decision in the first place whether to seek to suppress allegedly unlawfully-seized evidence by virtue of filing a motion to suppress, and it is then the defendant's obligation to state, in that motion, why the search and seizure were unlawful, so as to afford notice of the legal issues which will be before the trial court. OCGA § 17-5-30 (b). The circumstances in this case are far from the situation addressed by this Court in *Watts v. State,* 274 Ga. 373 (552 SE2d 823) (2001). In *Watts,* this Court determined that the Court of Appeals had erred in imposing on Watts *federal pleading requirements* which were inapplicable as well as giving Watts the *initial burden to produce evidence* in support of his motion to suppress. In so doing, this Court rightly reiterated that under OCGA § 17-5-30 (b), the burden of proving the lawfulness of the search and seizure is on the State, and that in the context of OCGA § 17-5-30 (b), this Court previously in *Davis v. State,* 266 Ga. 212 (465 SE2d 438) (1996), clarified the distinction between the burden of proof and the burden of production in a search warrant challenge. *Watts* at 375 (2). The proper allocation of such burdens is a different legal issue than that of the notice required by OCGA § 17-5-30 (b). In fact, *Watts* expressly acknowledged this separate threshold aspect of notice under the statute, concluding that, "[t]he allegations of Watts' motion were clearly *sufficient to put the State on notice* that it would have to meet its burden of proving that the search and seizure were valid. . . ." (Emphasis supplied.) The present issue on certiorari is all about notice, or rather the lack thereof.

---

[4] The record is devoid of evidence of bad faith on the part of the State regarding issuance of the warrant.

Young points to the trial court's acceptance of the State's argument that the application for the search warrant, once approved by a judge, had the legal effect of a search warrant. But, an analysis of the argument[5] and the ruling thereon is unnecessary as neither militate against a finding of waiver on the part of Young. Again, the question is whether Young's motion to suppress sufficiently put the State on notice that the very existence of a search warrant was being challenged, i.e., that the document that Young himself referred to as the warrant was not in fact a warrant, and that this legal issue would be resolved at the motion to suppress hearing. And it is plain that the State was not on such notice. Examination of the transcript of the suppression hearing compels the conclusion that the State's argument to the trial court was nothing more than an impromptu attempt to respond to Young's unexpected challenge to the lack of an actual search warrant.

Finally, Young cites *Chastain v. State*, 158 Ga. App. 654 (281 SE2d 627) (1981), as "[t]he seminal case on the issue of consideration of issues not raised in the original motion to suppress" and urges that the trial court can consider evidence and issues that arise initially during the motion hearing. However, *Chastain* too involved an altogether different question than that in this case; it addressed and affirmed a trial court's authority to reconsider an earlier grant of suppression and to ultimately deny the defendant's motion to suppress after the State was permitted to introduce additional evidence at a later hearing. What is more, even if Young was validly surprised at the motion hearing to learn for the first time that no search warrant issued, he did not request a continuance to amend his motion to be in accordance with OCGA § 17-5-30 (b). See *Boatright v. State*, 192 Ga. App. 112, 119 (11) (385 SE2d 298) (1989).

The Court of Appeals did not err in finding waiver under the circumstances of this case.

*Judgment affirmed. All the Justices concur, except Benham, J., who concurs in judgment only, and Sears, C. J., and Hunstein, P. J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

This case is wholly controlled by *Watts v. State*, 274 Ga. 373, 375 (2) (552 SE2d 823) (2001), in which this Court clearly articulated the burden-shifting framework to be applied when a search warrant is challenged:

---

[5] On appeal, the State repudiates the prosecutor's argument to the trial court.

"Once a motion to suppress has been filed, the burden of proving the lawfulness of the warrant is on the (S)tate and that burden never shifts. (Cits.) The only burden upon the challenger of a search warrant is that of producing evidence to support his challenge, which burden is shifted to him only after the (S)tate has met its initial burden of producing evidence showing the validity of the warrant. (Cit.)" *Davis v. State*, [266 Ga. 212, 213 (465 SE2d 438) (1996)]. Where a motion to suppress is based on a statutory ground, the State satisfies its initial evidentiary burden " 'by *production of the warrant* and its supporting affidavit, and by showing . . . that the warrant is not subject to the statutory challenge alleged. . . .' " *Davis v. State*, supra at 213. See also *State v. Slaughter*, [252 Ga. 435, 439 (315 SE2d 865) (1984)]; [Cits.]. Even if the challenge to the warrant is not based upon one of the statutory grounds, the State's burden of producing evidence shifts to the defendant only after *production of the warrant* and its supporting affidavit. *State v. Slaughter*, supra at 439.

(Emphasis supplied.) *Watts*, supra at 375.

The majority states that "the question is whether Young's motion to suppress sufficiently put the State on notice that the very existence of a search warrant was being challenged." Op. at 738. However, as set forth above, our long-standing case law has put the State on notice that it must produce the warrant and supporting affidavit whenever a search and seizure is challenged by the filing of a motion to suppress. Young was not required to reiterate in his motion that this threshold showing must be made.

Attempting to distinguish *Watts*, supra, the majority notes that the allegations of the defendant's motion to suppress in that case were held sufficient to put the State on notice. Op. at 737. The defendant in *Watts* only alleged that the warrant had unspecified material omissions that undermined its validity, however. *Watts*, supra at 373. There is no indication that the lack of a warrant was alleged in the motion to suppress, and the warrant was never introduced into evidence. Id. at 375. Because "[t]he warrant and supporting affidavit are necessary to establish the standard against which [the defendant's] allegations [a]re required to be balanced," the Court held that the State's failure to meet its initial burden of production rendered the trial court's denial of the defendant's motion to suppress erroneous. Id. at 376. This holding does not undermine the requirements of OCGA § 17-5-30 (b), but merely clarifies that the defendant's burden of producing evidence to support the allegations that he has set forth and thus put the State on notice of in his motion

to suppress, i.e., that the warrant is insufficient on its face, that there was no probable cause for its issuance, or that it was illegally executed, see OCGA § 17-5-30 (a) (2), arises only after the State has produced the warrant and supporting affidavit.

Because the State failed to meet its initial burden of producing the warrant here, the burden of producing evidence in support of the motion to suppress never shifted to Young. Accordingly, the Court of Appeals erred in affirming the trial court's denial of his motion to suppress.

I am authorized to state that Chief Justice Sears joins in this dissent.

DECIDED NOVEMBER 21, 2007.

*William O. Cox*, for appellant.
*Tom Durden, District Attorney, Mark A. Hendrix, Assistant District Attorney*, for appellee.