**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 21, 2013**

# In the Court of Appeals of Georgia

A12A1733. THE STATE v. ROGERS.                    DO-066 C

DOYLE, Presiding Judge.

The State charged Travis Delroy Rogers with possession of marijuana, possession of marijuana with intent to distribute, possession of piperazine in violation of the controlled substances act, and possession with intent to distribute piperazine. Prior to trial, Rogers moved on a number of grounds to suppress evidence obtained pursuant to a search warrant of a Clayton County home, and the trial court granted in part the motion, finding that the warrant was supported by probable cause, and the search was constitutional, but that some evidence required suppression because the seizure was overly broad.[1] The State appeals this determination, and we reverse.

---

[1] The trial court also granted in part Rogers's motion to the extent that he moved to suppress evidence seized during his subsequent arrest at an apartment (not the same location as the home named in the search warrant at issue here), but the

"In reviewing the trial court's grant or denial of a motion to suppress, we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review."[2]

So viewed, the evidence shows Officer Scott Malette received a call from a detective in connection with the drug arrest because the arrestee was willing to cooperate with police and provide names of individuals selling narcotics in the area — specifically, that a confidential informant ("the CI") identified Travis Rogers, who resided on Babbling Brook Drive and would sell him marijuana or ecstacy. Based on the CI's statements regarding Rogers, Officer Malette set up two controlled buys using the CI to purchase marijuana and ecstacy from Rogers at 7068 Babbling Brook Drive. Based on the controlled buys, Officer Malette prepared an affidavit in support of a search warrant and later obtained a search warrant for the home. The warrant stated that

State does not challenge this portion of the trial court's ruling, and therefore, we do not address it.

[2] (Punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 78 (673 SE2d 237) (2009).

2

there is now located certain instruments, articles, person(s), or things, namely marijuana a controlled substance[.] Evidence of the crime of possession and/or the sale/distribution of marijuana and its proceeds, and fruits of the crime of violation of the Georgia Controlled Substances Act[,] which is being possessed in violation of Georgia Law.

Officers executed the warrant on February 18, 2011, but the home was empty at the time. Officers discovered "51 ounces . . . of marijuana, several [piperazine] tablets,[3] hydrocodone [tablets], receipts in Rogers'[s] name as well as billing statements," and other items in Rogers's codefendants' name. Officers also seized photographs picturing Rogers and his codefendant together and a camera. Officer Mallete testified that although no one was in the residence at the time of the search, the home was furnished, but the mail addressed to Rogers did not contain the Babbling Brook address. Rogers was later arrested at an apartment with his girlfriend.

1. As an initial matter, the State argues that Rogers did not have standing to challenge the search and seizure conducted at Babbling Brook Drive because he

---

[3] Officer Malette visually identified the pills as ecstasy, the crime lab determined that the pills were actually 1-(3-trifluoromenthylphenyl) piperazine, which is a controlled substance similar to ecstacy. See OCGA § 16-13-25 (8).

argued that he did not reside there.[4] Although Rogers responds that the State has waived this argument because the State failed to object on standing grounds before the trial court, we find Rogers's argument unpersuasive because the trial court implicitly addressed the issue of standing by addressing the merits of Rogers's motion. Nevertheless, there was at least some evidence before the trial court that Rogers lived at the Babbling Brook address based on the testimony of Officer Malette, and we will not disturb that finding on appeal.

2. The State contends that the trial court erred by granting in part Rogers's motion to suppress on the basis that the seizure of items including papers, receipts, photographs, and a camera, was overly broad based on the language of the search warrant. We agree.[5]

---

[4] See *Moody v. State*, 232 Ga. App. 499, 504 (4) (a) (502 SE2d 323) (1998) (when a defendant lacks ownership or possessory interest in a residence, then he has "no expectation of privacy in the premises and lacks standing to challenge the validity of the search warrant").

[5] We note that OCGA § 17-5-30 (b) requires that a defendant file a written motion to suppress stating "facts showing that the search and seizure were unlawful," specifically, "the suppression motion must be sufficient to put the State on notice as to the type of search or seizure involved, which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing." (Punctuation omitted.) *Young v. State*, 282 Ga. 735, 736 (653 SE2d 725) (2007), quoting *State v. Gomez*, 266 Ga. App. 423, 425 (2) (597 SE2d 509) (2004). In this case, Rogers's motion to suppress claimed that the affidavit offered to support the warrant application was

A search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope. The scope of the search must be strictly tied to and justified by the circumstances which rendered its initiation permissible. Evidence may not be introduced if it was discovered by means of a seizure and search which were not reasonably related in scope to the justification for their initiation. A lawful search is limited to that which is described in the warrant. The warrant shall particularly describe the things to be seized and the search must be limited to that matter described.[6]

In this case, the trial court erred by suppressing evidence, including photographs, receipts, and a camera based on its determination that these "personal items" seized were "outside the scope of the search warrant." The search warrant contained a residual clause allowing officers to search and seize "[e]vidence of *the crime of possession* and/or the sale/distribution of marijuana and its proceeds, and

---

based on unreliable statements of a CI and did not establish probable cause to issue the warrant, that the warrant was stale, and that his later warrantless arrest was illegal and required suppression of any evidence garnered as a result. Those claims were insufficient to notify the State that one of the legal issues for resolution was the breadth of the seizure at the Babbling Brook address. See *Gomez*, 266 Ga. App. at 425 (2). Compare with *Glenn v. State*, 288 Ga. 462, 465 (2) (a) (704 SE2d 794) (2010). Regardless of whether Rogers properly presented this argument, the trial court erred by granting in part the motion because the seizure was not overly broad.

[6] (Punctuation and citations omitted.) *Grant v. State*, 220 Ga. App. 604, 607 (1) (469 SE2d 826) (1996).

fruits of the crime,"[7] which "sufficiently limited the searching officers' discretion" to seize only those items (namely, photographs of him within the home, documents bearing his name, and a camera, which could contain photographic evidence of possession of the narcotics) that linked Rogers to the marijuana and other contraband discovered in the home.[8]

Accordingly, the trial court's order is reversed to the extent that it suppressed these items.

*Judgment reversed. Andrews, P. J. and Boggs, J., concur.*

---

[7] Emphasis supplied.

[8] (Punctuation omitted.) *Reaves v. State*, 284 Ga. 181, 188 (2) (d) (664 SE2d 211) (2008), quoting *State v. Reid*, 38 Wn. App. 203, 212 (687 P2d 861) (1984).